UNITED STATES v. STRATTON.

(Circuit Court of Appeals, Fifth Circuit. May 24, 1898.)

No. 685.

1. SUITS AGAINST UNITED STATES—SUFFICIENCY OF FINDINGS.
    Under the act of March 3, 1887, providing for the bringing of suits against the United States, which requires the court to file an opinion setting forth the specific findings of fact, etc., such findings must exhibit exactly the services for which compensation is asked; and, in a suit by a United States commissioner to recover for fees, a finding that he has rendered services as follows: "Charges for per diems for taking bail under capias, etc., $160.00,"—is insufficient, because it cannot be inferred therefrom what the charges are for.

2. SAME—PLEADING.

A petition filed under the act of March 3, 1887, must, as required by section 5, contain a succinct statement of the facts on which the claim is based. And, in a petition by a United States commissioner to recover for fees, general statements of items—such as "Per diems for taking bail," "Charges for per diems in certain cases," "Charges of all fees in case v. Holloway," etc.—are insufficient.

In Error to the District Court of the United States for the Middle District of Alabama.

This suit was commenced by the filing of a petition in the district court, as follows:

"Your petitioner, Asa E. Stratton, who is a resident citizen of Pike county, in the state of Alabama, and district aforesaid, respectfully shows to your honor:

"First. That petitioner was duly appointed and legally qualified as a commissioner of the circuit court of the United States for the Middle district of Alabama, on the 9th day of June, A. D. 1894, and that, continuously since the day of his appointment and qualification as such commissioner, has rendered and performed services to the government of the United States, hereinafter referred to, and specifically set out in a bill of particulars herewith filed, marked 'Exhibit A,' and made a part of this petition. Petitioner further alleges that said services were rendered and performed at the instance and request of the United States, and that such service consisted in taking complaints and the issuance of warrants, and the examination under complaint and warrant of such persons as were brought before him as such commissioner by the marshal of said Middle district of Alabama charged with the violation of the internal revenue laws and other criminal statutes of the United States, and in the holding of persons to bail who had been arrested under capias, or other legal process of the courts of the United States.

"Second. Petitioner avers that he is entitled to have and receive from and to be paid by the United States the aggregate sum of six hundred and five dollars and seventy cents ($605.70). The said amount is made up of the following items, shown by the summary to the account hereinbefore referred to, as Exhibit A, and made a part of this petition, to wit:

| | |
|---|---:|
| Per diems for taking bail only | $160 00 |
| Charge for subpœnas, entering, returning, and filing | 7 50 |
| Charge for more than one warrant when there was more than one defendant in a case | 38 00 |
| Charges for filing mittimus sent to clerk | 10 |
| Charge for writ of attachment for defaulting witness | 3 75 |
| Charge for per diem on a warrant issued in Florida | 5 00 |
| Charge for duplicate order to marshal to pay witness | 1 20 |
| Charge for certified transcript of proceedings | 35 10 |
| Charge for excess of one folio in recognizances | 172 90 |
| Charge for complaint in addition to testimony of informing witness | 55 25 |
| Charge for testimony of informing witnesses in addition to complaint | 17 60 |
| Entering return and filing warrant in cases tried by some other commissioner | 10 00 |
| Charges for filing complaint issued by some other commissioner | 1 80 |
| Charges for per diems in certain cases | 60 00 |
| Charges for per diems in case United States v. Eddins | 5 00 |
| Charges of all fees in case v. Holloway | 13 60 |
| Charges for excess of one folio on each day in case for docket entry | 8 55 |
| Charges for per diems in case v. Wadsworth | 5 00 |
| Charges for justifying sureties on bonds | 50 |
| Charges for docket entries | 95 |
| Total | $605 70 |

"Third. Petitioner avers that he made out, rendered in due form, and at the proper time, accounts for the several quarters on the respective fiscal years since his appointment and qualification, as aforesaid; that said accounts embraced each and all of the items herein sued for; and that the same were duly allowed by your honor's court, and thereafter forwarded in due course to the proper auditing and accounting officers of the government of the United States, as will more fully appear from the record of said court.

"Fourth. Petitioner further avers that each [and] all of the several items and charges in said Exhibit A and summary thereto, and which are here sued on, were the items and charges in petitioner's said accounts for services rendered as such commissioner, and are the items and charges which the said auditing and accounting officers, in the adjustment of petitioner's said accounts, erroneously and unlawfully suspended and disallowed.

"Fifth. Petitioner further avers that the said account, amounting in the aggregate to six hundred and five dollars and seventy cents ($605.70), as shown in said Exhibit A, and each and all of the items and charges therein, are due and owing to your petitioner; that no part of the same has been allowed or paid to him by the defendant, the United States of America, nor has any part thereof been passed upon or rejected by any court authorized to pass upon the same; and that petitioner now has the legal right to claim, sue for, and receive payment therefor,"—concluding with prayer for judgment.

The Exhibit A referred to in the petition as a bill of particulars appears to be the copy of the commissioner's account for several quarters prior to the institution of the suit, upon which memoranda have been made by accounting officers of the government and by petitioner. The following is a sample:

2. 2.　　　　Account from July the 1st to September 30, 1894.

.Judiciary No. 506.

3. 2. Charge for taking bail only (per diem) after completion of case, disallowed. This is not a hearing or deciding on criminal charge, within the meaning of the statute. This is simply a clerical, and not a judicial, act .............. $20 00

4. 3. Charge for more than one warrant where there are more than one defendant in a case, disallowed. All defendants in a case should be included in one warrant ....... 17 50

5. 4. Charge for more than one copy of complaint as unnecessary, as in item 3 (attached to warrant)..................... 5 25

6. 5. Charge for more than one subpœna at any time, disallowed. All witnesses should be included in one subpœna, you being allowed for copy for service.................. 6 25
(There was no charge except for copy for each witness, and all witnesses were included in the original.)

7. 7. Charge for filing mittimus sent up to the clerk, disallowed, who files it......................................... 10

8. 8. Case v. Henry Ansley and R. L. McAliley. Charge for writ of attachment for defaulting witness suspended to know if this was issued under rule of court, or state practice. If so, send certified copy of the rule.................... 1 25

9. 9. Case v. Bullell Phillips et als., the same as item 8 ......... 2 50

10. 11. · Charge for duplicated copies of subpœnas and order for marshal in duplicate, disallowed. To pay witness. The witnesses should not have been discharged until the case was completed ......................................... 1 20
(There was no duplicate orders to the marshal to pay witnesses. Part of the witnesses came in on one day, were examined, and discharged. The others came on another, were examined, paid, and discharged.)

Service was duly made upon the attorney general, but the United States made no appearance to the suit, and thereupon, after proper delays, the following entry was made by the court:

"Finding of Fact and Law.

"Thursday, June 24, 1897.

"In the District Court of the United States for the Middle District of Alabama.

"Asa E. Stratton vs. The United States.

"The above-entitled cause, coming on regularly to be heard at the present term of the court, on the 16th day of June, A. D. 1897, was submitted for decision on pleadings and evidence, and the court makes and files the following findings of facts: First. That petitioner is now, and has been since the ninth day of June, 1894, a commissioner of the circuit court of the United States for the Middle district of Alabama. That said petitioner, as such commissioner, has, at the instance and request of the United States, performed certain services, which are as follows, to wit:

| | |
|---|---|
| Charges for per diems for taking bail under capias, &c. | $160 00 |
| Charges for subpœnas, entering, returning, and filing | 7 50 |
| Charges for more than one warrant when there was more than one defendant in a case | 38 00 |
| Charge for filing mittimus sent to clerk | 10 |
| Charge for writ of attachment for defaulting witnesses | 3 75 |
| Charge for per diem on warrant issued in case of defendant from Florida, and for removal proceedings | 5 00 |
| Charge for duplicate order to marshal to pay witnesses | 1 20 |
| Charge for certified transcript of proceedings | 35 10 |
| Charge for excess of one folio in recognizances. These recognizances contained about seven folios, but the petitioner only charged for four folios, making his claim for this item | 172 90 |
| Charges for complaint in addition to testimony of informing witnesses | 55 25 |
| Charges for testimony of informing witnesses in addition to complaint | 10 00 |
| Charges for filing complaint issued by some other commissioner | 1 80 |
| Charges for per diems to trying cases | 45 00 |
| Charges for fees in case U. S. v. Holloway | 13 00 |
| Charges for excess of one folio on each day in case for docket entry | 8 55 |
| Charges for per diem in case U. S. v. Wadsworth | 5 00 |
| Charges for justifying sureties on bonds | 50 |
| Total | $580 85 |

"All of these items have been presented in said commissioner's quarterly account, heretofore rendered and disallowed by the accounting officers of the treasury.

"The court finds as a fact that said services were actually rendered by said petitioner, and therefore the court files the following as its findings of law: First. The court declares and holds, that under the provisions and statutes of the United States regulating the fees to be paid to commissioners of the circuit court of the United States, the charges hereinbefore set forth are proper charges against the United States.

"John Bruce, Judge.

"Judgment: It is therefore ordered and adjudged by the court that the petitioner, Asa E. Stratton, do have and recover of and from the defendants, the United States of America, the sum of five hundred and eighty dollars ($580.85) and eighty-five cents, together with the costs in this behalf expended.

"Filed June 24, 1897."

The United States have brought the case to this court for relief, assigning errors as follows: "(1) The district court erred in its findings of facts. (2) The district court erred in its findings of law. (3) The district court erred in allowing certain charges to be included in said findings of facts, which were not proper and legal charges. (4) The district court erred in allowing certain charges to be included in said findings of facts, when in truth and

in fact such services warranting such charges were never performed by said. court. (5) The district court erred in holding that plaintiff was entitled to recover the whole amount sued for by him, without deducting therefrom certain charges that were not lawful, and certain other charges for which the services were not performed, and therefore improper. (6) The district court erred in rendering judgment against the defendants, as shown by the record."

Thereafter, on leave of the court, the assignment of errors was amended, and additional errors assigned, as follows: "The district court erred in its findings of facts as shown in charge 14 in findings of facts, viz.: 'Charges for per diems to trying cases, $45.00.' See Transcript, p. 13. (8) That the district court erred in its findings of law. (a) In charge No. 1 of findings of facts and law, 'Charges for per diems for taking bail, under capias, etc., $160.00.' See Transcript, p. 12. (b) In charge No. 4, in finding of facts and law, 'Charge for filing mittimus sent to clerk, 10 cents.' See Transcript, p. 12. (c) In charge No. 9, findings of facts and law, 'Excess of one folio in recognizances. These recognizances contained about seven folios, but the petitioner only charges for four folios, making his claim for this item, $172.90.' See Transcript, p. 13. (d) Charge No. 14 in finding of law and facts, 'Charge for per diems to trying cases, $45.00.' See Transcript, p. 13."

W. S. Reese, Jr., for the United States.

Geo. F. Moore, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and SWAYNE, District Judge.

PER CURIAM. This suit against the United States was brought under an act of congress entitled "An act to provide for the bringing of suits against the government of the United States," approved March 3, 1887. Supp. Rev. St. p. 559. The seventh section of that act provides that:

"It shall be the duty of the court to cause a written opinion to be filed in the cause, setting forth the specific findings of the court of the facts therein and the conclusion of the court upon all questions of law involved in the case and to render judgment thereon."

From the statement given above of the proceedings in the court a quo, it will be seen that, while an attempt was made to comply with the provisions of section 7 above quoted, yet there is no such specific finding of facts as to exhibit exactly the services for which the claimant asks compensation. One class of service for which judgment for $160 is given against the United States is described as, "Charges for per diems for taking bail under capias." etc. If these charges are for hearing and deciding criminal charges, for which the statute allows commissioners $5 per day for the time necessarily employed, they are within the statute; but from the finding of facts we cannot infer what they were for, nor how many days were occupied by the commissioner in thus taking bail under capias.

Another large item of the account going into the judgment is described as follows: "Charge for excess of one folio in recognizances. These recognizances contained about seven folios, but the petitioner only charged for four folios, making his claim for this item." Does this finding mean that this charge is for four folios in recognizances which contained seven folios, or for the three folios in excess of the four folios theretofore charged for? In short, the finding of facts is incomplete and obscure, and not in substantial com-

pliance with the law. To do justice to the United States and to the appellee, and in the interest of both parties, the case should be reversed, and the cause remanded, to permit a specific finding of facts to be made.

It is proper to notice that the petition in this case, even as aided by the alleged bill of particulars, does not contain a succinct statement of the facts upon which the claim is based, as required by section 5 of the above-mentioned act of congress. The statements made in the petition are largely of a general nature, such as, "Per diems for taking bail only," "Charges for per diems in certain cases," "Charges of all fees in case v. Holloway"; and the bill of particulars attached is no more specific, and, being interspersed with auditor's memoranda, is of doubtful value, beyond showing that many items were rejected or suspended by the auditor for insufficient statement.

The original assignment of errors was of too general a nature to be in accordance with our rules. As amended, the errors complained of questioned the correctness of findings of fact, or mixed law and fact. The judgment of the district court is reversed, and the case is remanded, with instructions to grant a new trial.