## MERRITT *v.* UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

No. 159.   Argued January 5, 1925.—Decided March 2, 1925.

1. Action by a sub-contractor in the Court of Claims, *held* not maintainable under the Dent Act, §§ 1 and 4, the petition not showing an agreement with the plaintiff entered into by or under authority of the Secretary of War, or performed, etc., prior to November 12, 1918, or a claim presented before June 30, 1919, or that, before a payment was made by the Government to the prime contractor, the plaintiff had made expenditures, etc., " with the knowledge or approval of any agent of the Secretary of War duly authorized thereunto." P. 340.

2. Where a contractor, upon settling with the Government under the Dent Act, induced the claimant to release his sub-contract for less than was due him by fraudulently misrepresenting to him the basis upon which the settlement was made, and the Government, learning this, exacted a repayment to itself from the contractor of of an amount equal to that of which the claimant had thus been defrauded, but it did not appear that the exaction was for the claimant's benefit, *held,* that the claimant had no cause of action to recover this amount from the United States under the Tucker Act, since the United States was under no express contract to pay the claimant and none was to be implied in fact. P. 340.

3. The Tucker Act does not give a right of action against the United States in those cases where, if the transaction were between private parties, recovery could be had upon a contract implied in law. *Id.*

4. The practice of the Court of Claims does not allow a general statement of claim in analogy to the common counts, but requires

a plain, concise statement of the facts relied on, not leaving the defendant in doubt as to what must be met. P. 341.

58 Ct. Clms. 371 affirmed.

APPEAL from a judgment of the Court of Claims dismissing the petition on demurrer.

*Mr. L. B. Perkins* for appellant, submitted. *Mr. L. A. Widmayer* was also on the briefs.

*Mr. Alfred A. Wheat,* Special Assistant to the Attorney General, with whom *Mr. Solicitor General Beck, Mr. Assistant Attorney General Lovett* and *Mr. Roscoe R. Koch,* Special Assistant to the Attorney General, were on the brief, for the United States.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

In July, 1918, or earlier, the United States contracted with the Panama Knitting Mills for a quantity of khaki at $3.20 a yard. In June, 1919, this contract was cancelled by a new agreement between the Government and the Mills, made pursuant to the Dent Act, March 2, 1919, c. 94, 40 Stat. 1272. Under the cancellation agreement the Government adjusted its liability by accepting delivery of half of the khaki originally contracted for, paying the contract rate together with the carrying charges. The Mills had a sub-contract with the plaintiff for the supply of the khaki. By falsely representing that the Government compelled settlement on the basis of $2.50 a yard plus the carrying charges, the Mills induced the plaintiff to release it, on that basis, from the sub-contract. When the Government learned of the fraud thus perpetrated, it exacted from the Mills a repayment of $5,210.02—the difference between the amount actually paid by the Government and what would have been paid if settlement had been made on the basis of $2.50 a yard.

This suit was brought in March, 1923, to recover from the United States the sum so repaid. The Court of Claims dismissed the petition on demurrer for failure to state a cause of action. The case is here on appeal under § 242 of the Judicial Code.

Plaintiff cannot recover under the Dent Act. There are three obstacles. It does not appear, as required by § 1, that, prior to November 12, 1918, an agreement with the plaintiff, express or implied, was entered into by the Secretary of War, or " by any officer or agent acting under his authority, direction, or instruction, or that of the President." *Baltimore & Ohio R. R. Co.* v. *United States,* 261 U. S. 385; *Baltimore & Ohio R. R. Co.* v. *United States,* 261 U. S. 592. It does not appear, as required by § 1, that any such agreement had been " performed . . . , or expenditures . . made or obligations incurred upon the faith of the same . . prior to " November 12, 1918. *Price Fire & Water Proofing Co.* v. *United States,* 261 U. S. 179, 183. It does not appear, as required by § 1, that the claim sued on was presented before June 30, 1919. The Dent Act affords relief although there is no agreement " executed in the manner prescribed by law," but only under the conditions stated. The plaintiff is not helped by § 4 which deals with sub-contracts; among other reasons, because it does not appear, as therein prescribed, that, before the payment made by the Government to the prime contractor, the plaintiff had " made expenditures, incurred obligations, rendered service, or furnished material, equipment, or supplies to such prime contractor, with the knowledge and approval of any agent of the Secretary of War duly authorized thereunto."

Plaintiff cannot recover under the Tucker Act, Judicial Code, § 145, 24 Stat. 505. The petition does not allege any contract, express or implied in fact, by the Government with the plaintiff to pay the latter for the khaki on

any basis. Nor does it set forth facts from which such
a contract will be implied. The pleader may have in-
tended to sue for money had and received. But no facts
are alleged which afford any basis for a claim that the
repayment made by the Mills was exacted by the Gov-
ernment for the benefit of the plaintiff. The Tucker Act
does not give a right of action against the United States
in those cases where, if the transaction were between pri-
vate parties, recovery could be had upon a contract im-
plied in law. *Tempel* v. *United States,* 248 U. S. 121;
*Sutton* v. *United States,* 256 U. S. 575, 581. For aught
that appears repayment was compelled solely for the
benefit of the Government, under the proviso in § 1 of the
Dent Act, which authorizes recovery of money paid under
a settlement, if it has been defrauded.

The practice of the Court of Claims, while liberal, does
not allow a general statement of claim in analogy to the
common counts. It requires a plain, concise statement of
the facts relied upon. See Rule 15, Court of Claims. The
petition may not be so general as to leave the defendant
in doubt as to what must be met. *Schierling* v. *United
States,* 23 Ct. Clms. 361; *The Atlantic Works* v. *United
States,* 46 Ct. Clms. 57, 61; *New Jersey Foundry & Ma-
chine Co.* v. *United States,* 49 Ct. Clms. 235; *United
States* v. *Stratton,* 88 Fed. 54, 59.

*Affirmed.*