Williams, Judge,
on February 5,1940, delivered the opinion of the court:
On June 6, 1932, the V. & M. Construction Corporation, herein called the prime contractor, entered into a written contract with the defendant for the construction of a post office at Sanford, Maine. Thereafter, on August 10, 1932, plaintiffs entered into a written contract with the prime contractor whereby they agreed to furnish all labor and equipment for the brick work, hollow tile, granite, stone work, and all exterior marble, as specified in the contract between the prime contractor and the defendant. By the terms of the contract between the defendant and the prime contractor, the defendant agreed to furnish the prime contractor models for the ornamental stone and marble to be placed at the tops and sides of the entrances of the post-office building. During the progress of construction delays occurred in the delivery of the aforesaid models by the defendant to the prime contractor. This suit is brought by the plaintiffs to recover damages alleged to have been suffered by them by reason of the defendant’s delay in furnishing the models as agreed to the prime contractor.
The plaintiffs’ contract was with the Y. & M. Construction Corporation and not with the defendant. There is no showing whatever of any contract, express or implied, between the plaintiffs and the defendant. While the defendant agreed in its contract with the prime contractor to furnish the models for the ornamental stone and marble to be placed on the post-office building, plaintiffs herein were not parties to that agreement. No contractual rights between the plaintiffs and the defendant were created by the defendant’s contract with the prime contractor, nor does it appear that a contract between them can be implied in fact.
The Tucker Act, Section 145 of the Judicial Code, 24 Stat. 505, confers jurisdiction upon this court to hear and determine claims founded “upon any contract, express or implied, with the Government of the United States.” Obviously the claim upon which plaintiffs sue is not so founded. *673 As the plaintiffs were not parties to the contract between the prime contractor and the defendant they have no rights under it and cannot maintain suit. New York Shipbuilding Corp. v. United States, 61 Ct. Cls. 357; United States v. Driscoll, 96 U. S. 421; H. Herfurth, Jr., Inc., v. United States, 89 Ct. Cls. 122; Merritt v. United States, 267 U. S. 338.
In Merritt v. United States, supra, the court said:
Plaintiff cannot recover under the Tucker Act, Judicial Code, § 145, 24 Stat. 505. The petition does not allege any contract, express or implied in fact, by the Government with the plaintiff to pay the latter * * *. Nor does it set forth facts from which such a contract will be implied.
In United States v. Driscoll, supra, the court said:
It is clear that there was no privity between the' appellee and the United States. Ordway employed him and was to pay him, and did pay him. The United States had no interest in the rate or amount paid, save that the sum so paid, with fifteen percent in addition,, was the measure of the amount to be paid to Ordway.
In the recent case of Herfurth v. United States, supra, this court, in dismissing the petition brought by a subcontractor, -said, “plaintiff was not a party to the contract and therefore cannot bring suit against the Government.”
The petition is dismissed. It is so ordered.
LittletoN, Judge; GeeeN, Judge; and Whalet, Chief Justice, concur.
Whitaker, Judge; took no part in the decision of this -case.