## KAL MACH. WORKS, Inc., v. UNITED STATES.

### No. 46660.

Court of Claims.

Nov. 4, 1946.

William Jaffe, of Chicago, Ill., for the plaintiff.

Mary K. Fagan, of Washington, D. C., and John F. Sonnett, Asst. Atty. Gen., for defendant.

William Jaffe, of Chicago, Ill., for plaintiff.

Mary K. Fagan, of Washington, D. C., and John F. Sonnett, Asst. Atty. Gen., for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

WHITAKER, Judge.

The Rock-Ola Manufacturing Corporation of Chicago, Illinois, had a contract with the Chicago Ordnance District, an agent of the defendant, for the manufacture of carbines. Plaintiff was a subcontractor of the Rock-Ola Manufacturing Corporation. Defendant cancelled its contract with the Rock-Ola Manufacturing Corporation and that company cancelled its contract with plaintiff. The plaintiff sues the United States for damages incident to the cancellation by the Rock-Ola Manufacturing Corporation of its contract with it.

■ Except for the provisions of the Contract Settlement Act of July 1, 1944, 58 Stat. c. 358, p. 649, 41 U.S.C.A. § 101 et seq., the plaintiff has no right of action against the United States because of the want of privity of contract between the parties. Merritt v. United States, 267 U. S. 338, 45 S.Ct. 278, 69 L.Ed. 643; Petrin et al. v. United States, 90 Ct.Cl. 670, and cases there cited. However, under the Contract Settlement Act the United States may assume liability for the settlement of a subcontractor's claim against the prime contractor. In subsection (a) of section 7 the Act provides only for approval and ratification of settlements made between the prime contractor and the subcontractor, under certain conditions; but subsection (d) authorizes the agents of the United States to make direct settlements with subcontractors. This subsection provides:

"Any contracting agency may settle directly termination claims of subcontractors to the extent that it deems such action necessary or desirable for the expeditious and equitable settlement of such claims. In making such termination settlements any contracting agency may discharge the claim of the subcontractor by payment or may purchase such claim, and may agree to assume, or indemnify the subcontractor against, any claims by any person in connection with such claim or the termination settlement. Any contracting agency undertaking to settle the termination claim of any subcontractor shall deliver to the subcontractor and the war contractor liable to him written notice stating its acceptance of responsibility for settling his claim and the

conditions applicable thereto, which may include the release, or assignment to the contracting agency, of his claim against the war contractor liable to him; upon consent thereto by the subcontractor, the Government shall become liable for the settlement of his claims upon the conditions specified in the notice."

It is thus apparent that the United States can become liable on the claim of a subcontractor only upon giving written notice to the subcontractor and to the prime contractor that it assumes responsibility for settling the claim of the subcontractor, upon the conditions set out, and upon consent thereto by the subcontractor. ·

In an attempt to bring itself within the terms of this section of the Act plaintiff alleges that a negotiator in the office of the Chicago Ordnance District entered into negotiations with it for the settlement of its claim and that this negotiator agreed with plaintiff on a settlement for the sum of $14,841.93, in accordance with the memorandum of agreement alleged to have been entered into between the negotiator and the subcontractor. This agreement, however, provided:

"* * * this agreement is subject to review and final approval of the Award Board of the Chicago Ordnance District; and subject to such approval prime contractors will be authorized to pay the amount of this settlement to the subcontractor * * *."

But the petition alleges in the next paragraph that on review of this action the Award Board denied plaintiff's claim "on the finding that termination of its subcontract is not attributable to the termination of Rock-Ola Manufacturing Corporation's prime contract and is, therefore, not a charge that can be settled under the Contract Settlement Act of 1944." The petition further alleges that on appeal to the Appeal Board in Washington that Board held that plaintiff had no right to appeal.

The petition, therefore, not only fails to allege a written notice by which the defendant assumed responsibility for the settlement of plaintiff's claim and a consent thereto by plaintiff; but, on the other hand, it shows affirmatively that the Government did not accept responsibility for the settlement of this claim, but denied such responsibility.

Plaintiff, therefore, has failed to allege those facts necessary to subject defendant to liability on a claim of a subcontractor.

It results that defendant's demurrer must be sustained and plaintiff's petition dismissed. It is so ordered.

WHALEY, Chief Justice, and MADDEN, JONES, and LITTLETON, Judges, concur.