PRECISION METAL & MACHINE CO. v. UNITED STATES.

No. 46661.

Court of Claims.

Nov. 4, 1946.

438

William Jaffe, of Chicago, Ill., for plaintiff.

Mary K. Fagan, of Washington, D. C., and John F. Sonnett, Asst. Atty. Gen., for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

WHITAKER, Judge.

This case is similar to that of Kal Machine Works, Inc., v. United States, 68 F. Supp.2d 436. As in the former case plaintiff was a subcontractor of the Rock-Ola Manufacturing Corporation, which company had a contract with the defendant for the manufacture of carbines. Defendant cancelled its contract with the Rock-Ola Manufacturing Corporation, and that company cancelled its contract with plaintiff. The plaintiff sues the United States for damages incident to the cancellation by the Rock-Ola Manufacturing Corporation of its contract with it.

A negotiator in the office of the Chicago Ordnance District, the governmental agency which entered into the contract with the Rock-Ola Manufacturing Corporation, entered into a contract with plaintiff providing for a settlement of its claim against the Rock-Ola Manufacturing Corporation, which contract was of the same tenor and effect as that entered into with the Kal Machine Works, Inc. It appears, however, that whereas the Award Board of the Chicago Ordnance District rejected the claim of the Kal Machine Works, the petition in the present case, on the contrary, alleges that plaintiff "was informed by the Chicago Ordnance District that said claim had upon review been approved and that payment thereof would be forthcoming to the plaintiff within a short time."

However, notwithstanding this difference, we are of the opinion that this plaintiff has not brought itself within the terms of section 7 (d) of the Contract Settlement Act of July 1, 1944, 58 Stat. 649, c. 358, 41 U.S.C.A. § 107(d), the terms of which were set out in the opinion of the Kal Machine Works case. The petition in the instant case alleges that the agreement provided that "In accordance with delegation of authority from the subject prime contractors, the undersigned negotiator" has agreed with the plaintiff on a settlement; and it further provides that "subject to such approval [of the Award Board], *prime contractors* will be authorized to pay the amount of this settlement to the subcontractors as full and final payment of all obligations of the prime contractors and/or the Government arising out of or relative to the cancellation of subject purchase orders." (Italics ours.)

This agreement does not evidence that "acceptance of responsibility for settling" the contractor's claim which renders the Government liable under the terms of section 7(d) of the Contract Settlement Act. By this agreement the Government did not assume responsibility for settling the claim; it merely undertook to agree upon the amount at which the claim should be settled; but the Government did not assume responsibility for paying this or any amount. The agreement provided not that the Government would pay the claim, but that the prime contractor would be authorized to do so. In order to bring the case within the terms of section 7(d) the Government must not only agree with the subcontractor on the amount which should be paid in settlement of its claim, but it also must agree to pay this amount. It is evident from the allegations of the petition that the Government made no such agreement. In the absence of such an agreement there is no liability on the Government.

It results that defendant's demurrer must be sustained, and plaintiff's petition dismissed. It is so ordered.

WHALEY, Chief Justice, and MADDEN, JONES, and LITTLETON, Judges, concur.