**AEROVOX CORPORATION v. UNITED STATES.**

**Civ. A. No. 8526.**

United States District Court
D. Massachusetts.
March 27, 1950.

James D. St. Clair, Hale & Dorr, Boston, Mass., for plaintiff.

George F. Garrity, United States Attorney (H. Bergson, Jr.), Boston, Mass., for defendant.

FORD, District Judge.

This is an action under the Contract Settlement Act of 1944, 41 U.S.C.A. §§ 101–125, for the recovery of compensation to which the plaintiff contends it is equitably entitled under § 7(f) of that Act, 41 U.S.C.A. § 107(f).

Plaintiff is a Massachusetts corporation doing business in Massachusetts. During the recent war it was engaged in production of electrical equipment for war purposes. Frank Reiber, Inc., of Los Angeles, California, which had a prime contract with the Army Air Force in 1945, ordered certain condensers to be manufactured by plaintiff under a subcontract. On or about March 20, 1945, plaintiff, which had never before done business with this prime contractor, received this order and, without checking the credit standing of the prime contractor as it would normally have done in time of peace, began immediate production. On or about August 16, 1945, the prime contract and thereby the plaintiff's subcontract were terminated. Plaintiff duly filed a termination claim for $2,291.45 with its prime contractor, which was approved by the government, and sufficient funds were paid over by the United States to the prime contractor to settle all such claims of its subcontractors, including the plaintiff. Plaintiff received a check in the full amount of its claim from the prime contractor, but this check was returned by the bank marked "insufficient funds." Shortly thereafter the prime contractor was adjudged bankrupt, and it appears that although plaintiff has filed a claim in bankruptcy, it will never receive any dividend thereon.

At the suggestion of an official of the contracting agency plaintiff then filed a claim for payment under § 7(f) of the Act.[1] Payment of this claim was recommended by the Commanding General of the Air Material Command, but was later disapproved by the War Hardship Claims Board and by the Undersecretary of the Air Force.

Plaintiff thereupon instituted this action under § 13(b) (2) of the Act, 41 U.S.C.A. § 113(b) (2). The United States has moved for summary judgment or dismissal of the complaint, and plaintiff has filed a cross-motion for summary judgment. Defendant's motion to dismiss is based on the grounds of lack of jurisdiction and the alleged failure of the defendant to state a cause of action.

In view of the sovereign immunity enjoyed by the United States, this court has, of course, on jurisdiction over a suit against the United States except where the United States has consented to be sued. Congress, in providing for the determination and payment of equitable claims against the United States, is free to limit the claimant to an administrative remedy without providing for any review of the action of the administrative agency by the courts in an action against the United States. Lynch v. United States, 292 U.S. 571, 582, 54 S.Ct. 840, 78 L.Ed. 1434.

It appears that the present claim is one on which the United States has not consented to be sued, but which it has committed to the final and conclusive determination of the contracting agency. The Act, after providing that settlement of

1. § 7. "Settlement of subcontractors' claims —Conclusiveness of settlement.

\*   \*   \*   \*   \*   \*

"(f) If any contracting agency determines that in the circumstances of a particular case equity and good conscience require fair compensation for the termination of a war contract to be paid to a subcontractor who has been deprived of and cannot otherwise reasonably secure such fair compensation, the contracting agency concerned may pay such compensation to him although such compensation already has been included and paid as part of a settlement with another war contractor."

claims by agreement shall be final and conclusive, with certain exceptions not material here, provides in § 6(c), 41 U.S.C.A. § 106(c): "* * * Where any such settlement is made by determination without agreement, it shall likewise be final and conclusive, subject to the same exceptions as if made by agreement, unless the war contractor appeals or brings suit in accordance with section 113 of this title: * * *." Section 13(b) (2) of the Act, 41 U.S.C.A. § 113(b) (2), provides that a war contractor aggrieved by the findings of a contracting agency may "bring suit against the United States for such claim or such part thereof, in the Court of Claims or in a United States district court, in accordance with section 1346 of Title 28, * *." Title 28 U.S.C.A. § 1346, which embodies the provisions of the so-called Tucker Act, gives this court jurisdiction of civil actions or claims against the United States founded upon express or implied contract with the United States. No suit can be brought under this section unless plaintiff had a contract, express or implied in fact, with the United States. Merritt v. United States, 267 U.S. 338, 340, 45 S.Ct. 278, 69 L.Ed. 643; Tempel v. United States, 248 U.S. 121, 129, 39 S.Ct. 56, 63 L.Ed. 162. Plaintiff here had no contract with the United States. It was a subcontractor. Its only contract material to the present action was with Frank Reiber, Inc. Until its present claim under § 7(f) of the Act was filed, it dealt only with its own prime contractor and not with the United States. The United States has never undertaken to deal directly with plaintiff under § 7(d) of the Act; it did not deliver a written notice of its acceptance of responsibility for settling the claim, as required by § 7(d). Nor was the suggestion of an official of the contracting agency that plaintiff file a claim under § 7(f) any basis for implying any such undertaking. Kal Machine Works, Inc. v. United States, 68 F.Supp. 436, 107 Ct.Cl. 202; Precision Metal & Machine Co. v. United States, 68 F.Supp. 437, 107 Ct.Cl. 219. The conclusion must be that plaintiff's claim is one on which determination by the administrative agency is final and conclusive, and not one on which it may bring suit against the United States under § 13(b) (2) of the Act, and that, therefore, the complaint fails to set forth a cause of action against the United States over which this court has jurisdiction.

Plaintiff contends, however, that recourse to the courts is always possible where there has been an abuse of discretion by the administrative agency, and that the finding of the agency that equity and good conscience do not require the payment of the plaintiff's claim is an abuse of discretion. Even if this were so, the facts of the case as they appear from the pleadings and affidavits filed in connection with the motions by both parties for summary judgment do not support such a contention. Plaintiff's argument that equity requires that it be paid under § 7(f) rests on the fact that due to the war-time pressure for speed in the execution of contracts, it accepted the subcontract without making the check on the credit standing of the prime contractor which it would have made under its usual practice in time of peace. But it nowhere alleges that such a check would in fact in March of 1945 have disclosed facts which would have led it to refuse to do business on a credit basis with Frank Reiber, Inc. Moreover, nine months thereafter plaintiff chose to file its termination claim with the prime contractor. Under the applicable regulations, 10 C.F.R. 1945 Supp. § 846.651—2; 32 C.F.R. 1945 Supp. § 8008.4, it could have requested the agency to settle the claim directly under § 7(d) or take other steps to protect payments made on its account. It made no such request. It can be inferred that it had either failed during this whole period to check its prime contractor's credit standing, or else had done so, and found no ground for believing it could not be relied upon. On these facts it cannot be held that the equities in favor of plaintiff are so strong that the agency has abused the broad discretion granted it under § 7(f) in holding that the government is not in good conscience bound to pay this claim a second time.

Defendant's motion to dismiss is allowed.