This is a suit under 28 U.S.C. §1491. Plaintiff moves for judgment on the pleadings, but we take the motion as being actually for summary judgment. Defendant moves also for summary judgment. On October 26, 1978, the Federal Mediation and Conciliation Service appointed plaintiff, pursuant to agreement of the parties, to be the impartial member of a three person arbitration panel to assist in negotiation of a collective bargaining agreement by and between the American Federation of Government Employees (afge), and the United States Air Force Logistics Command (aflc), relating to the command’s civilian employees. The panel could make suggestions for settlement of issues that might differ from the final offers of the parties, and might choose between one of the final offers in case of an impasse, making a decision to be binding on the parties, but only as to negotiable issues. In the event of a dispute as to what was negotiable, the panel was to defer action pending settlement of that question. Plaintiff was to receive his compensation half from afge, half from aflc. The panel completed its work on the issues that were agreed to be negotiable, and plaintiff was duly paid by aflc for its half of his compensation, but some added issues were also later made negotiable by subsequent decisions of the Department of Defense and the Federal Labor Relations Authority.
*864 On November 18, 1979, aflc notified plaintiff that it declined to make any further use of the panel to dispose of remaining issues, but rather it preferred to leave them to another body, the Federal Service Impasses Panel. Though not wholly lucid in the moving papers, it appears that hitherto purchase orders by aflc had served to obligate funds for plaintiff and specified what he was to do. No such orders were issued or remained in effect after the November 18, 1979, letter. Plaintiff, however, took the position that as a matter of federal labor law, one party to an arbitration could not terminate it in such a fashion, in the middle of its work, merely because of dissatisfaction with previous positions of the arbitrators. Plaintiff therefore resumed his labors and the panel arbitrated further issues, although without the participation of aflc. Plaintiff now seeks to recover for 1980 services not called for by any purchase order similar to those under which he was previously paid.
Plaintiff says, and we may assume arguendo it is so, that the efforts of his panel to arbitrate the new issues have been legally effective, and that appropriate authority has vindicated his position that a party to an arbitration cannot legally terminate it half way through.
The difficulty remains of our jurisdiction under 28 U.S.C. §1491. When liability is founded on contract, it must be express or implied in fact. The only express contract had expired before the 1980 services began. And a contract cannot be implied in fact in face of an express statement by the government authority to be charged, that it will not be bound. As to this defendant cites Hagan v. United States, 229 Ct. Cl. 423, 671 F.2d 1302 (1982). The facts are different in that the arbitration was for a different purpose and conducted under a different law. However, a common element is that Mr. Hagan, in that case, Mr. Abies in this, continued as arbitrators in face of specific refusals. In Mr. Hagan’s case, defendant’s officials allowed the arbitration to continue and accepted his services, knowing he claimed a right to be paid. In Mr. Albes’ they tried to stop the arbitration itself and refused to participate when it continued. This difference does not favor Mr. Abies. The purchase orders, it may be noted, speak of "nonpersonal services,” *865 which refutes the idea that, while receiving compensation, Mr. Abies had any kind of appointment de facto or de jure. When defendant had a procedure for obligating its funds by contract, as it did here, it is inconsistent with the concept of a contract implied in fact, for the obligation to continue although the procedure is intentionally no longer followed. In both Hagan’s and Abies’ cases we may assume that defendant accepted valuable services knowing that the party who rendered them expected to be paid, but use of this as a ground of recovery would be to imply a contract at law, i.e., to postulate a contract on equitable grounds in face of awareness that none existed in fact. This the constraints on our jurisdiction, otherwise the limits on the consent to be sued, forbid us from doing. Merritt v. United States, 267 U.S. 338, 341 (1925); J. C. Pitman & Sons v. United States, 161 Ct. Cl. 701, 317 F.2d 366 (1963).
The position of arbitrators of disputes involving the United States Government is anomalous, and not one that was foreseen when the Tucker Act was written. In the absence of legislation to regularize their position respecting compensation, persons such as Mr. Hagan and Mr. Abies may serve at their peril in certain contingencies. The only other possibility is that Mr. Abies might have standing to sue as third-party beneficiary of the agreement between the union and the Air Force for "the procedure for the resolution of the remaining issues in their collective bargaining negotiations.” Because of that possibility, we do not dismiss the petition, but we cannot rule on the issue without a knowledge of collective bargaining practice incident to that agreement that we do not possess.
Plaintiffs motion for judgment on the pleadings (or summary judgment), is denied. Defendant’s motion for summary judgment is denied. Both denials without prejudice. The cause is remanded to the trial division for further proceedings.
Defendant’s motion for rehearing was denied April 27, 1982; plaintiffs motion for relief from Order was denied August 20,1982.
Plaintiffs complaint was dismissed May 19,1983.