**WARD–SCHMID COMPANY, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 46–89C.**

United States Claims Court.

Nov. 9, 1989.

Roger M. Schrimp, Modesto, Cal., for plaintiff.

William K. Olivier, Washington, D.C., with whom were Acting Asst. Atty. Gen. Stuart E. Schiffer, Director David M. Cohen, and Asst. Director Thomas W. Petersen, for defendant. K. Sue Meyer, Office of Gen. Counsel, Veterans Admin., of counsel.

## ORDER

LYDON, Senior Judge:

The complaint in this direct access contract case (*see 41 U.S.C. § 609(a)*) presents a two count cause of action. In the first court, plaintiff seeks pure declaratory judgment relief, asking the court to render a judicial determination of its rights and duties vis-a-vis the rights and duties of others, *e.g.*, the Veterans Administration (VA), Power Development Co., Inc. (PDC), the named contractor with the VA, and United States Fidelity & Guaranty Company (USF & G), the performance and payment bond surety on the Power contract with VA. Plaintiff makes no claim for money in its first count. In its second count, plaintiff seeks breach of contract damages for the VA's termination of the Power contract for default.

Following the filing of its answer to the complaint, defendant, on July 28, 1989, filed a motion to dismiss the complaint on jurisdictional grounds. On September 7, 1989, the court, by order, granted plaintiff's motion for an enlargement of time until September 29, 1989 within which to file its opposition to defendant's motion to dismiss. In support of its enlargement motion, counsel for plaintiff advised that he was unable to give the necessary time and attention to filing an opposition to defendant's motion because of "unavoidable time requirements of other cases" and the fact that he "operates a single attorney law firm." To date, plaintiff has filed no opposition to defendant's motion to dismiss, nor has plaintiff sought any further enlargement of time to do so. As of this date, plaintiff is out of time, under the RUSCC, relative to filing an opposition to said motion. Dismissal of plaintiff's complaint for lack of prosecution, under these circumstances, would not be totally unreasonable. *See* RUSCC 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–36, 82 S.Ct. 1386, 1388–92, 8 L.Ed.2d 734 (1962). Rejecting this approach, the court shall give consideration to the merits of defendant's motion to dismiss.

## Facts

The facts, well pleaded in the complaint, are accepted as true solely for purposes of ruling on defendant's motion to dismiss.

On August 1, 1985, the VA solicited bids for a contract to modify an incinerator and waste heat boiler plant at the VA Medical Center in San Diego, California. On December 15, 1985, the VA accepted the bid on this solicitation submitted by PDC. The contract price was $179,636 and the contract No. was V664C–642. The contract was awarded to PDC. While only PDC signed the bid accepted by VA and executed the contract entered into with VA, payment and performance bonds, required

by the contract, were entered into between plaintiff and USF & G and were submitted to the VA. In issuing a Notice to Proceed with the work under Contract No. V664C–642 to PDC on January 24, 1986, the VA stated in pertinent part: "We have received your Performance Bond, Payment Bond, and Insurance certificates on the subject contract to replace incinerator and bay house/modify waste heat boiler at this Medical Center in the amount of $179,636."

Plaintiff alleges that it was, in fact, part of a joint venture with PDC relative to performance of Contract No. V664C–642. Plaintiff contends that it submitted the bid in question through PDC. Plaintiff does not deny that the contract was, *in haec verba*, awarded to PDC.

Plaintiff further alleges that after award, it began to perform Contract No. V664C–642. In December 1987, VA and plaintiff, as the performing contractor, disagreed regarding the requirements of the contract specifications.[1]

On February 1, 1988, the VA contracting officer sent PDC a Notice of Termination for Default of Contract No. V664C–642 which read in pertinent part as follows:

The undersigned is in receipt of your letter dated December 4, 1987, whereby you state that you are terminating your contract with the VA and you go on to state four (4) reasons that your decision is based on. Out of the four (4) reasons, only one (1) had *any* merit. Item 4 addressed the issue of noncompliance with Public Resources Code Section 21151.1 which requires an environmental impact review to be completed before commencing work. The VA is a federal agency, therefore, is not subject to this law. It should also be mentioned that only a Contracting Officer can terminate a contract. You can not terminate a contract at your discretion.

On November 30, 1987, you received a letter from the undersigned requiring you to outline a corrective plan of action to get an approved submittal to the VA or have your contract terminated for default. You have failed to submit a set of submittals which meet the specifications, you have failed to submit a corrective plan of action nor have you provided any information in support [sic] your allegations made in the above-mentioned letter. Please be advised that, effective this date, your contract, as a whole, is terminated for default in accordance with FAR 52.249–10. As mentioned in the undersigned's letter of November 20, 1987, you will be held responsible for all costs associated with obtaining another contractor to complete the work.

A copy of this notice will be furnished to your bonding company.

The Notice also advised PDC of its appeal rights.[2]

On February 8, 1988, the VA contracting officer wrote USF & G, the bonding company, stating, in pertinent part: "Enclosed is a copy of the notice of termination for default sent to Power Development Company, the prime contractor on subject contract. Power Development Company has failed to provide the VA with an approved submittal therefore, default action has been taken."

Plaintiff filed suit in this court on January 30, 1989.

### Discussion

■ A. As indicated previously, under the first count of its complaint, plaintiff seeks a declaration from the court as to the obligations and rights of plaintiff, PDC, USF & G and the VA under Contract No. V664C–642. It seeks no money damages under this count. This count must be dismissed on jurisdictional grounds.

---

1. The disagreement concerned the scope of the work required by the specifications. VA, according to plaintiff, claimed that items specified in Options 1 and 2 be considered a part of the items specified for Option 3. Plaintiff viewed such a contention as contrary to the terms and conditions specified in the contract. The parties reached an impasse on the dispute.

2. Defendant advises that no final decision assessing excess reprocurement costs has been issued and that neither PDC nor plaintiff has submitted any claim to the contracting officer relative to the default termination.

It is established that this court, like its predecessor court, has no declaratory judgment jurisdiction in contract cases such as the one now before the court. *See generally United States v. King*, 395 U.S. 1, 3–5, 89 S.Ct. 1501, 1502–03, 23 L.Ed.2d 52 (1969); *see particularly, Alan J. Haynes Constr. Sys., Inc. v. United States*, 10 Cl.Ct. 526, 528 (1986); *Williams Intern. Corp. v. United States*, 7 Cl.Ct. 726, 728–31 (1985).

■ B. In its complaint, plaintiff references the Contract Disputes Act, 41 U.S.C. §§ 601, *et seq.* (1982) (CDA), as a jurisdictional basis for its claim before the court. However, in order to bring a direct access contract claim in this court, plaintiff must first have presented a written claim to the contracting officer. This is a jurisdictional requirement of the CDA. 41 U.S.C. § 605(a). Since plaintiff has not presented its claim before the court to the contracting officer, the court lacks jurisdiction to consider said claim. *Paragon Energy Corp. v. United States*, 227 Ct.Cl. 176, 183–84, 645 F.2d 966 (1981); *see also Mingus Constr., Inc. v. United States*, 812 F.2d 1387, 1395–96 (Fed.Cir.1987); *Hoffman Constr. Co. v. United States*, 7 Cl.Ct. 518, 523 (1985).

■ C. The undisputed facts presently before the court strongly suggest that plaintiff was a subcontractor under PDC relative to Contract No. V664C–642. VA's February 8, 1988 letter to USF & G, the bonding company, refers to PDC as "the prime contractor," supportive of a view that plaintiff was a subcontractor of PDC. Viewing plaintiff as a subcontractor of PDC, there is no privity of contract between plaintiff and the VA. The contract in question was between PDC and VA. Indeed, VA looked to PDC for contract performance and not to plaintiff. VA terminated PDC's contract. It had no contract with plaintiff. There is no Contract

Disputes Act jurisdiction in this court for a subcontractor's claim because a subcontractor does not generally have an express or implied contract with the United States. *United States v. Johnson Controls, Inc.*, 713 F.2d 1541, 1550 (Fed.Cir.1983); *Housing Corp. of America, a Delaware Corp. v. United States*, 199 Ct.Cl. 705, 710, 713, 468 F.2d 922, 924–26 (1972); *Brannan v. United States*, 7 Cl.Ct. 399, 403 (1985); *see Merritt v. United States*, 267 U.S. 338, 45 S.Ct. 278, 69 L.Ed. 643 (1925). *See also Centron Corp. v. United States*, 218 Ct.Cl. 1, 9, 585 F.2d 982 (1978) (purported joint-venturer not in privity of contract with United States—United States in privity with one from whom it received proposal and undertook to pay only that firm).

■ D. Accepting plaintiff's assertion that it was a joint-venturer with PDC relative to Contract No. V664C–642 does not keep plaintiff in court. It is established that joint venturers are necessary parties and, as such, they must join in any action seeking damages arising out of their common interest or undertaking. *Pine Products Corp. v. United States*, 15 Cl.Ct. 11, 14–15 (1988); *see also General Engineering Corp. v. Virgin Islands Water and Power Authority*, 636 F.Supp. 22, 39 (D.V. I.1985). Since PDC, the other alleged joint-venturer, is not a party plaintiff in this case, plaintiff, as a joint-venturer, cannot present a cause of action in pursuit of a common claim arising, allegedly, out of a joint-venture endeavor. PDC is an indispensable party to any litigation in this court arising out of Contract No. V664C–642 if, as alleged by plaintiff, Contract No. V664C–642 was a joint-venture undertaking by PDC and plaintiff. *Pine Products Corp., supra.*[3]

### Conclusion

For reasons discussed above, the court lacks jurisdiction to consider plaintiff's

---

**3.** Plaintiff does not seek relief as a third-party beneficiary of PDC's contract with VA, and rightly so. There is no allegation, nor any indication otherwise, that the contract in question reflected an intent to benefit plaintiff or give it a direct right to contract proceeds or the right to obtain contract proceeds from the VA. *See Bau-*

*dier Marine Electronics Sales and Serv., Inc. v. United States*, 6 Cl.Ct. 246, 249–50 (1984), *aff'd*, 765 F.2d 163 (Fed.Cir.1985). *See also German Alliance Ins. Co. v. Home Water Supply Co.*, 226 U.S. 220, 230, 33 S.Ct. 32, 35, 57 L.Ed. 195 (1912).

claim. The clerk is directed to enter judgment dismissing plaintiff's complaint. No costs.