413 F.Supp.2d 503 (2005)
John FLEMING
v.
UNITED STATES
No. Civ.A. 05-1439.
United States District Court, E.D. Pennsylvania.
August 12, 2005.
*504 *505 John Fleming, Beaumont, TX, Pro se.
Nuriye C. Uygur, U.S. Attorney's Office, Philadelphia, PA, for United States.

MEMORANDUM AND ORDER
MCLAUGHLIN, District Judge.
John Fleming is a former federal prisoner who claims to have provided the Federal Bureau of Investigation ("FBI") with information about a former cell mate's possible terrorist actions or connections. He asserts in his complaint that he had been promised a reward by the FBI agent with whom he spoke. Claiming implied contract and entitlement under 18 U.S.C. §§ 3071 and 3072, the plaintiff seeks a "sum or reward money, or other reward remuneration deemed appropriate by a fair and just court."
The United States moves to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(1) for lack of subject matter jurisdiction because of its sovereign immunity. The United States enjoys sovereign immunity, and thus this suit can be heard only if Congress, by statute, has waived immunity in the present instance. United States v. Mitchell, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). Fleming makes his claim under 18 U.S.C. § 3071, but that provision contains no express waiver of sovereign immunity.
The Little Tucker Act, 28 U.S.C. § 1346(a)(2), is the only potential basis for the Court's jurisdiction. The Little Tucker Act provides concurrent jurisdiction to the district courts and the Court of Federal Claims over suits against the United States for $10,000 or less founded upon "the Constitution, or any Act of Congress, . . . or upon any express or implied contract with the United States." 28 U.S.C. § 1346(a)(2). The Little Tucker Act waives sovereign immunity for these claims. See North Side Lumber Co. v. Block, 753 F.2d 1482, 1484-85 (9th Cir. 1985).
The Tucker Act is only a jurisdictional statute.[1] In order to show entitlement to money damages, the plaintiff must identify a constitutional provision, statute, regulation, or contract that independently creates a substantive right to money damages. See United States v. Testan, 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); United States v. Mitchell, 463 U.S. 206, 216-17, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983); Hamlet v. United States, 63 F.3d 1097, 1101 (Fed.Cir.1995).
The plaintiff relies on 18 U.S.C. § 3071. The Court is not persuaded that that provision, known as the Reward statute, provides Fleming with the substantive right to relief under the Tucker Act for two reasons. First, at the time Fleming alleges he was promised a reward, the statute provided that "[a] determination made by the Attorney General or the President under [18 U.S.C. § 3071] shall be final and conclusive, and no court shall have power or jurisdiction to review it." 18 U.S.C. § 3072 (2001). This Court, therefore, lacks subject matter jurisdiction to review the Attorney General's determination *506 that no money was to be paid. See Antoine v. United States, 1997 WL 685258, *1 (N.D.Cal. Oct 7, 1997).
Second, 18 U.S.C. § 3071, does not mandate a reward for information. The statute provides that "the Attorney General may reward any individual who furnishes information. . . ." The decision to reward individuals for information lies within the discretion of the Attorney General under U.S.C. § 3071 and is not a money mandating statute.
Nor is any relief available to the plaintiff under an implied contract theory. In order for the Court to have jurisdiction over a contract claim against the United States under the Tucker Act, the plaintiff must show an express contract or a contract implied-in-fact. Merritt v. United States, 267 U.S. 338, 340-41, 45 S.Ct. 278, 69 L.Ed. 643 (1925). The plaintiff does not claim an express contract, but maintains that he had an implied contract with the United States. An implied-in-fact contract is inferred from the conduct of the parties which shows their tacit understanding. It requires the pleading of the elements of an express contract including consideration, mutuality of intent, and definiteness of terms. Girling Health Sys., Inc. v. United States, 949 F.2d 1145, 1146-47 (Fed.Cir. 1991). It also requires that the officer whose conduct is relied upon have the actual authority to bind the government in contract. City of El Centro v. United States, 922 F.2d 816, 820 (Fed.Cir.1990).
No contract can be implied here because the terms are too indefinite and because there was no actual authority. An implied-in-fact contract requires "lack of ambiguity in offer and acceptance." City of El Centro v. United States, 922 F.2d at 820. An indefinite reward is not sufficient to contractually bind the government.
Nor does the complaint adequately allege that the representative of the government whose representation was relied upon had the actual authority to bind the government in a contract. City of El Centro v. United States, 922 F.2d at 820 (quoting Juda v. United States, 6 Cl.Ct. 441, 452 (1984)). The party which alleges the existence of a contract with the United States bears the burden of establishing that the person upon whose alleged promises or representations the party relied had the authority to bind the United States. See Grundy v. United States, 2 Cl.Ct. 596, 599 (1983).
The plaintiff has not met his burden of establishing that the FBI Special Agent with whom he dealt had the requisite authority to bind the Attorney General in contract. FBI Special Agents in the field do not have contracting authority to commit the FBI or the Attorney General to make payments to informants. See Roy v. United States, 38 Fed. Cl. 184 (1997) (dismissing a confidential informant's complaint that he had been promised a percentage of monies and properties confiscated from drug traffickers because there was no evidence to show that Special Agents possessed the requisite authority to bind the FBI or Attorney General to make payments); Humlen v. United States, 49 Fed. Cl. 497 (2001) (holding that oral promises of payment allegedly made by a Special Agent to plaintiff could not be enforced as a matter of law because the SA lacked authority to bind the United States); Cornejo-Ortega v. United States, 61 Fed. Cl. 371 (2004) (granting summary judgment to the United States because FBI SAs lack the requisite actual authority to contractually bind the United States to grant rewards to confidential informants and cooperative witnesses).
An appropriate order follows.

*507 ORDER

AND NOW, this 15th day of August, 2005, upon consideration of the government's Motion to Dismiss for Lack of Jurisdiction or, in the alternative, for Failure to State a Claim (Docket No. 11) and the plaintiff's response thereto, IT IS HERBY ORDERED that said motion is GRANTED. This case is hereby dismissed for the reasons stated in a memorandum of today's date.
NOTES
[1] The plaintiff does not specify the amount of reward he seeks. To the extent he seeks more than $10,000, jurisdiction would be exclusively in the United States Court of Federal Claims.