Harold J. **HARRIS**

v.

The **UNITED STATES.**

No. 715–83C.

United States Claims Court.

Jan. 31, 1984.

John Wesley Hall, Jr., Little Rock, Ark., for plaintiff.

Sharon Y. Eubanks, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant.

### ORDER

MARGOLIS, Judge.

Plaintiff, Harold J. Harris, brings this action seeking back pay, correction of records, reinstatement of rank, discharge of decertification from the Personal Reliability Program (PRP) and a preliminary injunction based on alleged improprieties of the United States Air Force. Plaintiff has filed a motion for setting of a hearing for a preliminary injunction enjoining his dis-

charge from the Air Force on January 31, 1984. Defendant opposes the motion arguing that this Court is without jurisdiction to grant a preliminary injunction in this case. After an expedited briefing and argument on the jurisdictional issue, this Court ruled from the bench on January 20, 1984 that it is not empowered to issue the requested preliminary injunction. This written Order follows.

Plaintiff, a captain in the Air Force, alleges that his Officer Effectiveness Report (OER) was improperly prepared in violation of Air Force Regulations. He further alleges that his OER was downgraded in retaliation for his filing an Equal Opportunity and Treatment complaint. Plaintiff contends that these and other improprieties resulted in his being decertified from the PRP which, in turn, terminated his eligibility for flight duty.[1] Plaintiff applied to the Air Force Board for Correction of Military Records for correction of his military records. In denying plaintiff's application, the Board determined that plaintiff failed to demonstrate the existence of probable material error or injustice. Plaintiff has since been twice passed over for promotion to the rank of Major and, consequently, has been notified that he will be discharged on January 31, 1984. Plaintiff contends that the decision of the Board was arbitrary, capricious, and contrary to law. In this motion, plaintiff has asked this Court to enjoin the impending discharge. This Court, however, can not do so.

The United States Claims Court, like its predecessor, is a Court of limited jurisdiction; cases brought before it are brought against the United States and waivers of sovereign immunity must be strictly construed. *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969); *Quality Furniture Rentals v. United States*, 1 Cl.Ct. 136, 139 (1983) (Kozinski, C.J.). Plaintiff contends that 28 U.S.C. § 1491(a)(2), as amended by the Federal Courts Improvement Act of 1982,

Pub.L. No. 97–164, § 133(a), 96 Stat. 25, 40 (1982), authorizes this Court to issue the preliminary injunction. That section provides, in pertinent part:

> To provide an entire remedy and to complete the relief afforded by the judgment, the court may, as an incident of and collateral to any such judgment, issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records, and such orders may be issued to any appropriate official of the United States.

Despite the well established doctrine of strict construction of the sovereign's waiver of immunity, plaintiff contends that a preliminary injunction can be granted as "an incident of and collateral to" his requested money judgment. However, plaintiff's requested preliminary injunction is a remedy which is not included in the governmental corrective relief authorized by the statute. Moreover, the statutory language, which has been part of section 1491 since 1972,[2] clearly contemplates the entry of a money judgment in plaintiff's favor *before* the Court can grant the corrective relief authorized. A preliminary injunction, issued prior to an adjudication on the merits of a claim, is not "incident to a money judgment." *Smith v. United States*, 228 Ct.Cl. 168, 170–73, 654 F.2d 50, 51–53 (1981). Finally, this Court's injunctive power under 28 U.S.C. § 1491, as amended, is limited to pre-award contract cases. 28 U.S.C. § 1491(a)(3). *United States v. John C. Grimberg Co.*, 702 F.2d 1362 (Fed.Cir.1983); *Brown v. United States*, 3 Cl.Ct. 31, 48 (1983) (Gibson, J.); *Public Service Co. of Colorado v. United States*, 2 Cl.Ct. 380, 383 (1983) (Seto, J.). See RUSCC 65(e).

Plaintiff's motion for setting of a hearing for a preliminary injunction is denied.

---

1. Plaintiff claims back Flight Incentive Pay calculated from when he was decertified from the PRP.

2. Pub.L. No. 92–415, 86 Stat. 652 (1972).