**Helen PASSARO,**

v.

**The UNITED STATES.**

No. 669–81C.

United States Claims Court.

Aug. 17, 1984.

---

Robert T. Seiwell, Media, Pa., for plaintiff.

Richard F. Silber, Washington, D.C., with whom is Acting Asst. Atty. Gen., Richard K. Willard, Washington, D.C., for defendant. Major Thomas Bowe, Department of the Army, Washington, D.C., of counsel.

## OPINION

SETO, Judge.

This military pay case is currently before the court on defendant's motion for reconsideration of the court's previous opinion on cross motions for summary judgment. 4 Cl.Ct. 395 (1984) (*"Passaro I"*). Defendant moves the court to reconsider its ruling that the court properly has jurisdiction of the case. The motion has been fully briefed by the parties, and oral arguments have been heard.

The facts of this case and the background of the relevant legislation are set forth more fully in *Passaro I*, which in turn relied heavily on the Court of Claims decision in *Barber v. United States*, 230 Ct.Cl. 287, 676 F.2d 651 (1982). Familiarity with both opinions is presumed, but, briefly, the facts are as follows: Congress passed the Armed Forces Survivor Benefit Plan Act, Pub.L. 92–425, 86 Stat. 706 *et seq.* (1972) ("the Act"), to remedy certain perceived deficiencies in the prior armed forces survivor annuity plan then in force. The Act created the Survivor Benefits Plan ("SBP" or "the Plan") (codified at 10 U.S.C. §§ 1447–1455). The SBP makes all service

personnel, upon retirement, automatic participants in a survivor annuity plan funded by deductions from the individual's retired pay.

Plaintiff's husband, Major Passaro, retired before the effective date of the Plan. Pursuant to section 3(b) of the Act (which was *not* subsequently codified), Major Passaro was entitled to participate in the Plan if he so elected within eighteen months of the effective date of the Act. Major Passaro affirmatively elected, by informing the Army in writing, to *not* participate in the Plan. Upon Major Passaro's death, plaintiff applied to the Army for benefits under the SBP. The Army refused payment, and plaintiff filed a complaint in this court.

Defendant contends that this court lacks jurisdiction because plaintiff's claim is not founded on any provision of the Constitution or an Act of Congress which grants her a right to money damages against the United States. Alternatively, defendant argues that even if this court has jurisdiction, plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff, relying on the provisions of the Act and on the decision in *Barber*, asserts that this court does have jurisdiction, inasmuch as the Army did violate an applicable Act of Congress by not notifying plaintiff of her husband's written election (not to participate), and that a remedy can be fashioned to correct the violation.

Both parties agree that there are no disputes as to material facts and that the issues are capable of disposition on summary judgment.

■ In the motion at bar, defendant contends that this court has improperly exercised its equitable powers by, in effect, retroactively placing Major Passaro within the SBP. Defendant states that, prior to any such action in equity, the court must find a present claim for money damages. What defendant apparently ignores is both this court's earlier analysis of the Act, *Passaro I*, 4 Cl.Ct. at 400–401, and the ruling in *Barber*.

Defendant argues that the language of 10 U.S.C. § 1448(a) (that section of the SBP mandating notification of the spouse in the event the retiree decides not to participate in the Plan), because it is phrased entirely in the present tense, *e.g.*, "becomes," "elects," etc., does not apply to one who had already retired when the Act became effective. This argument completely ignores section 3(b) of the Act. This approach is entirely improper because " ' "In expounding a statute, we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy." *United States v. Heirs of Boisdoree*, 8 How. (49 U.S.) 113, 122, 12 L.Ed. 1009 (1849); * * *.' *Philbrook v. Glodgett*, 421 U.S. 707, 713, 95 S.Ct. 1893, 1898, 44 L.Ed.2d 525 (1975)." *Barber*, 230 Ct.Cl. at 293. Pursuant to section 3(b) of the Act, Major Passaro was given an opportunity "to participate in the Survivor Benefit Plan established pursuant to clause (3) of the first section of this Act." The referenced clause of the first section of the Act contained the Plan in codified form. To adopt defendant's analysis of § 1448(a) would render nugatory any meaning section 3(b) of the Act may have, i.e., no person referred to by section 3(b) would *later* become entitled to retired pay, and thus, no person referred to by section 3(b) would be eligible to participate in the Act. Furthermore, section 3(b) makes one in Major Passaro's position eligible under the entire Plan—there is no express limitation as to which sections of the Plan are applicable, rather, the whole Plan is referenced. This court will neither add words not found in the Congressional Act, nor excise a portion of the Act without express reason.

■ Having thus found that section 3(b) invokes all the provisions of the Plan, it is to those provisions that resort must be had to determine the effect of Major Passaro's election. Section 1448(a) clearly states: "If a person who is married elects *not* to participate in the Plan at the maximum level, that person's spouse *shall* be notified of the decision." (Emphasis supplied.) The parties have stipulated that Major Passaro

did indeed make an election, that that election was to forego participation, and that plaintiff was not notified of that election. Because this court is bound by decisions of the Court of Claims, it is bound to hold, as was held in *Barber*, that failure to notify the spouse was a violation of § 1448(a). The *Barber* court held that this violation "can be fairly said to give rise to a claim for money damages." *Barber*, 230 Ct.Cl. at 291, 676 F.2d 651.

Having viewed the Act as a whole, rather than considering merely an isolated part thereof, the court finds that defendant's bases for objection are unpersuasive. This court holds that: (1) jurisdiction is proper, inasmuch as plaintiff bases her claim on an Act of Congress, 28 U.S.C. § 1491(a)(1), *viz.*, the Armed Forces Survivor Benefit Plan Act of 1972; and (2) plaintiff has stated a claim upon which relief can be granted because, by virtue of the *Barber* decision, the violation of the spousal notification provision in § 1448(a) gives rise to a claim for money damages.

Defendant avers, however, that money damages should not be awarded in this case because of the potentially large number of claims which may be filed. Defendant posits that approximately 800,000 individuals were eligible to join the SBP under section 3 of the Act. It is argued that this court's decision creates a cause of action for the survivors of those individuals, and the armed forces' consequent liability would be overwhelming. The argument is unpersuasive, as have been many of such "floodgate" arguments. The court has very carefully considered the applicable law, the applicable precedent, and the particular facts of this case, and will not speculate as to any result reached under differing circumstances.

Defendant additionally contends that the court's decision is against the weight of other decisions by the Claims Court. Defendant relies on three cases: *Harris v. United States*, 4 Cl.Ct. 418 (1984) [MARGOLIS, J.]; *Anderson v. United States*, No. 257–82C (filed May 31, 1984) (unpublished order); and *Grayson v. United States*, No. 292–82C (unpublished transcript of oral argument, April 11, 1984). None of the cases cited support defendant's position. *Harris* involved a motion for a preliminary injunction under 28 U.S.C. § 1491(a)(2) enjoining plaintiff's discharge from the Air Force. The injunction was refused because the court lacked the equitable power to grant an injunction before entering a money judgment in plaintiff's favor. The case before this court does not involve a preliminary injunction. This court has found herein a violation of a statute which, because of the binding effect of *Barber*, gives rise to a claim for money damages. This court has neither the power nor the inclination to overrule *Barber*, and considers *Harris*, which involves wholly different facts, to be clearly inapposite.

Defendant has attempted to place before this court the "undisputed facts" of the *Anderson* case, contending that the facts in *Anderson* are identical to those considered herein, and contending further that due consideration should be given the granting of defendant's motion for summary judgment in that case. The order filed in *Anderson*, which contains no underlying rationale, states only that defendant moved for summary judgment on plaintiff's claim and defendant's counterclaim, that plaintiff did not respond, and, on that basis, the court dismissed plaintiff's claim and defendant's counterclaim. This court will not, nor should defendant, presume to guess the reasoning of the court in *Anderson*, but notes only that nothing contained in the one-page order is in any way persuasive to contend that the *Anderson* order constituted a decision on the merits, as opposed to one based solely upon procedure.

Defendant's third citation is to *Grayson*. This court has not been made aware of any filed decision or order in that case, but has been referred only to a transcript of oral arguments. This court has not been presented with the briefs filed in that case, and confesses to be at somewhat of a loss as to what precisely is to be learned from

fragments of an oral presentation. What can be discerned is that the *Grayson* case concerned a claim under the SBP's predecessor plan, not under the SBP itself as in *Passaro I*.[1] *Grayson* transcript at 7. As a result, *Grayson* is clearly distinguishable from the instant case and, thus, is unpersuasive. Defendant herein acknowledges, but apparently wishes to ignore, this crucial difference. Moreover, this court believes that it is entirely inappropriate and improper to cite the comments of another court made in the midst of an argument between counsel. Such citation is to be condemned in the strongest terms. Defendant's counsel is expected to cite *authority* to this court, not out-of-context comments by another court considering an entirely different matter.

■ Having considered and rejected defendant's objections to this and the *Barber* decision, the court must now consider the remedy to be fashioned as a consequence of the statutory violation. The court again finds *Barber* instructive. In *Barber*, the remedy granted was to award plaintiffs therein the "appropriate survivor benefits from the date of ... death ... until such time as they are no longer eligible therefor * * * [and] that to the accrued total benefits to which plaintiffs are presently entitled there shall be offset that amount actually paid to [plaintiffs' decedent] during the period of his retirement that would otherwise have been deducted from his retirement pay as his contribution to the plan." *Barber*, 230 Ct.Cl. at 301, 676 F.2d 651.

In the case at bar, Major Passaro was never a member of the SBP. The court, however, following the dictates of the relevant legislation and the *Barber* decision, and finding therefrom a valid claim for money damages, may now fashion an appropriate remedy pursuant to 28 U.S.C. § 1491(a)(2), which states in part:

> To provide an entire remedy and to complete the relief afforded by the judgment, the court may, as an incident of

and collateral to any such judgment, issue orders directing ... placement in appropriate duty or retirement status....

The court need not go so far as to order that Major Passaro be retroactively placed in the SBP. The appropriate remedy is to merely deem him a member of the plan, and calculate the amount of damages in accordance with the instructions in *Barber*.

## CONCLUSION

Plaintiff has stated a claim within this court's jurisdiction, inasmuch as what was alleged was a violation of an Act of Congress—specifically, a violation of 10 U.S.C. § 1448(a) made effective as to plaintiff and plaintiff's husband by section 3 of the Armed Forces Survivor Benefit Plan Act of 1972. According to established law, such a violation gives rise to a claim for money damages. The parties have stipulated that the violation did occur, and the court therefore so finds.

It is therefore ORDERED that:

1. Plaintiff is entitled to recover accrued and future annuity benefits under the SBP in accordance with this opinion.

2. On or before September 28, 1984, the parties shall file a joint stipulation setting forth the amounts due plaintiff as calculated in accordance with this opinion. Upon receipt of the stipulation, this court shall enter judgment accordingly.

IT IS SO ORDERED.

---

**1.** Moreover, unlike *Passaro I,* there is *no* indication that the decedent in *Grayson* affirmatively notified the Armed Forces regarding his non-

election into his retirement plan. *Grayson* transcript at 4–5.