**Harold J. HARRIS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 84–1139.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 11, 1984.

Decided Oct. 11, 1984.

John Wesley Hall, Jr., for appellant.

George W. Proctor, U.S. Atty., and Fletcher Jackson, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before BRIGHT, JOHN R. GIBSON and FAGG, Circuit Judges.

PER CURIAM.

Harold Harris, a captain in the United States Air Force, brought suit in the United States Court of Claims seeking backpay, correction of records, reinstatement of rank, discharge of decertification from the Air Force's Personal Reliability Program, and a preliminary injunction barring his discharge from the Air Force. After the Court of Claims ruled that it lacked the power to issue a preliminary injunction, 4 Cl.Ct. 418, Harris filed a complaint requesting injunctive relief with the United States District Court for the Eastern District of Arkansas. The district court,[1] after analyzing Harris' motion for a preliminary injunction under the factors set forth by this

---

1. The Honorable Elsijane T. Roy, United States District Judge for the Eastern District of Arkansas.

court in *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109 (8th Cir.1981), denied relief. Harris appeals. We affirm.

## I. BACKGROUND.

Harris was discharged from the Air Force[2] on January 31, 1984, under its "up or out" policy after he had twice been passed over for a promotion to the rank of major. He contends that the denial of a promotion to him rested upon Officer Effectiveness Reports (OER) in which his superior officers had unjustifiably downgraded his rating in retaliation for his filing a complaint of racial discrimination and unequal treatment with the Equal Opportunity and Treatment Program at Hickham Air Force Base. Harris alleges that the Air Force neglected to follow its own regulations regarding reevaluation of OERs and that a reevaluation of his OER would have detected the unjustified downgrading of his rating and corrected it. The essence of his complaint is that his discharge was unlawful because it was based upon erroneous evaluations of his performance which the Air Force should have detected.

The Air Force concedes that Harris has the right to bring a claim of unlawful discharge in the Court of Claims. Indeed, his case on the merits is still pending there. The sole issue presented in this appeal is whether the district court abused its discretion in denying Harris' motion for a preliminary injunction barring his discharge pending resolution of the case on the merits in the Court of Claims.

## II. DISCUSSION.

This court has enunciated four factors that district courts should consider when hearing motions for preliminary injunctive relief. *See Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 114 (8th Cir.1981) (en banc). The district court evaluated Harris' motion for preliminary injunctive relief under the *Dataphase* factors and concluded that Harris had failed to satisfy any of those factors. Accordingly, it denied relief.

Our review of a district court's order denying a preliminary injunction is limited to a determination of whether that court abused its discretion. *Chicago Stadium Corp. v. Scallen*, 530 F.2d 204, 206 (8th Cir.1976); *see Yakus v. United States*, 321 U.S. 414, 440, 64 S.Ct. 660, 674, 88 L.Ed. 834 (1944). Upon review of the record, we cannot say that the district court abused its discretion in denying Harris injunctive relief. The record lacks any adequate showing that Harris will suffer irreparable harm inasmuch as relief can be granted to Harris if he prevails on the merits in the Court of Claims. That court may order reinstatement to former rank, correction of records, and an award of full backpay. 28 U.S.C. § 1491(a)(1)–(2) (1982); *Sanders v. United States*, 594 F.2d 804, 813 (Ct.Cl.1979) (en banc). Those remedial measures would, as the district court found, restore Harris to his former position. *Cf. Sampson v. Murray*, 415 U.S. 61, 89–92, 94 S.Ct. 937, 952–53, 39 L.Ed.2d 166 (1974) (rejecting claim in civil service discharge case that loss of earnings and damage to reputation due to discharge constitute irreparable injury entitling claimant to temporary injunctive relief where backpay, reinstatement, and correction of records are available). We need not review the district court's findings on the other *Dataphase* factors, because the absence of a showing of irreparable harm is, in itself, sufficient grounds upon which to deny a preliminary injunction. *See Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 103 (6th Cir.1982); *Sampson v. Murray, supra*, 415 U.S. at 88, 94 S.Ct. at 951; *Tenant Affairs Board v. Pierce*, 693 F.2d 797, 799–800 (8th Cir.1982).

Affirmed.

---

**2.** Harris has subsequently reenlisted as a sergeant, pending resolution of his suit in the Court of Claims, to preserve his retirement benefits.