Harold J. HARRIS

v.

**The UNITED STATES.**

**No. 715–83C.**

United States Claims Court.

May 31, 1985.

John Wesley Hall, Jr., Little Rock, Ark., for plaintiff.

Sharon Y. Eubanks, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, for defendant. James M. Kinsella, Captain, U.S. Air Force, General Litigation Div., Office of the Judge Advocate Gen., of counsel.

## OPINION

MARGOLIS, Judge.

The plaintiff in this case seeks reinstatement in the Air Force Personnel Reliability Program (PRP); flight pay computed from the date he was decertified from the PRP; removal from his file of a low Officer Evaluation Report (OER); removal of records of two failures to be promoted to major; a non-prejudicial explanation for the resulting gap; and reinstatement to the rank of captain with back pay computed from January 31, 1984, the date he was discharged from the Air Force. The plaintiff had originally requested an injunction against this discharge, but this Court denied the re-

\* The plaintiff then requested the injunction from a U.S. District Court, which also denied relief.

quest. *Harris v. United States,* 4 Cl.Ct. 418 (1984).\*

The defendant has moved in the alternative for dismissal or summary judgment. The plaintiff opposes this motion and has cross moved for summary judgment. After considering the parties' briefs and hearing oral argument, this Court denies both parties' motions for summary judgment and remands the case to the Air Force Board for Correction of Military Records (AFBCMR).

## FACTS

The Court has adopted the facts found by the AFBCMR in the plaintiff's earlier action on these claims, *In re Harris,* No. 81-03688, Record of Proceedings at 3-11 (AFBCMR Jan. 3, 1983) [hereinafter AFBCMR Record]. The Court has also considered exhibits submitted by the parties. The plaintiff's claims concern two separate Air Force programs, the personnel reliability program and the regular promotion system. The Court will consider the plaintiff's involvement with each program separately.

### A. *The Personnel Reliability Program*

Plaintiff Harold J. Harris first served in the Air Force from 1963 to 1967 as a dental specialist. After his honorable discharge on September 6, 1967 he was transferred to the inactive reserve, from which he was honorably discharged on November 12, 1969. He reenlisted on April 27, 1970. In just over a year, the Air Force sent him to Officer Training School and appointed him a second lieutenant. The plaintiff later studied aviation, became a navigator, earned promotion, served abroad, and impressed his superiors as capable and hardworking. By 1975 he had advanced to the rank of temporary captain.

In April 1976, the Air Force assigned the plaintiff to the 9th Airborne Command and Control Squadron, located at Hickham Air Force Base in Hawaii. He served there as navigator aboard EC-135 aircraft, the air-

*Harris v. United States,* No. J-C-84-28 (E.D.Ark. 1984), *aff'd* 745 F.2d 535 (8th Cir.1984).

borne command and control posts of the Pacific Command. Since the plaintiff's duties affected the defense of the United States, he had to be certified under the Air Force Personnel Reliability Program. While at Hickham the plaintiff became a permanent captain.

On September 29, 1978 the plaintiff wrote to his unit commander, Col. William L. Ernst, to file an Equal Opportunity and Treatment complaint (EOT) against one of his superiors, Lt. Col. Panitch. The plaintiff alleged that Lt. Col. Panitch had made "a statement about ridding the squadron of my Black ass, or something to that effect."

On October 4, 1978 Col. Ernst asked the base's social actions officer to investigate. The inquiry officer collected and reviewed information from October 25 to November 6, 1978. He found no evidence against Lt. Col. Panitch, but noted that Capt. Harris: 1) seemed anxious about his permanent promotion; 2) believed himself to be the victim of racial discrimination and tried to convince others that he was being discriminated against; and 3) might be suffering physical and psychological strain beyond his tolerance. The inquiry officer recommended relieving Capt. Harris of all duties until he passed a physical and psychological examination. The Judge Advocate General reviewed the EOT report and found it legally sufficient.

On November 28, 1978 Col. Ernst told Capt. Harris the results of the EOT inquiry, relieved him of his duties, and temporarily disqualified him from the PRP. Col. Ernst claimed to be concerned about flaws in Capt. Harris's character, and said that he might make more recommendations after the psychological examination. On December 18, 1978 the director of Base Medical Services notified Col. Ernst that Capt. Harris had no psychopathy that required removing him from the PRP.

Col. Ernst permanently decertified the plaintiff on February 20, 1979, and on March 8, 1979 the plaintiff submitted a rebuttal. On April 3, 1979 the Vice Commander ordered Col. John D. Miles to investigate the decertification. Col. Miles gathered information—including testimony from Capt. Harris—from April 3 to 25. After considering Col. Miles's report and the plaintiff's rebuttal, the Air Force found that Col. Ernst had sufficient reason to decertify the plaintiff.

On May 31, 1979 the base's Directorate of Assignments declared the plaintiff available for assignment to another base because of the decertification. To prevent this reassignment, the plaintiff sought an injunction from the U.S. District Court. The parties stipulated to dismissal without prejudice on June 15, 1981. *Harris v. Simm,* No. 81–0665 (D.Hawaii 1981).

B. *The Officer Evaluation Report*

On October 26, 1978, about a month after Capt. Harris filed his EOT complaint, Col. Ernst sent him an OER for the period from July 2, 1977 to October 10, 1978. One reviewer, Capt. Hudgins, rated the plaintiff as above standard or well above standard in seven areas and as meeting the standard in three. But Col. Ernst, the other reviewer, rated the plaintiff as below standard in four areas and as meeting the standard in six. The overall rating was so low that Air Force regulations gave the plaintiff a chance to rebut it. The plaintiff appealed the rating to the Officer Personnel Records Review Board, alleging racial discrimination. The Board refused to void the OER.

C. *Appeal of Both Claims to the AFBCMR*

On March 26, 1981 the plaintiff appealed to the AFBCMR seeking: 1) removal of decertification from the PRP; 2) removal of the 1978 OER from his records; and 3) flight pay from the date he was decertified. The AFBCMR ruled that the plaintiff failed to show probable material error or injustice, but added that he had "the right to submit newly discovered relevant evidence for consideration." AFBCMR Record at 19.

Meanwhile the plaintiff failed twice to win promotion to major. By statute the Air Force was obliged to discharge him.

10 U.S.C. § 632(a) (1982). However, the plaintiff subsequently reenlisted as a sergeant to preserve his retirement benefits.

## DISCUSSION

### I. *The PRP Claims*

#### A. *Reinstatement to the PRP*

■ The Personnel Reliability Program aims to prevent the unauthorized launch or detonation of a nuclear weapon. The regulations impose upon the immediate commander the responsibility to disqualify persons who seem unstable or under stress. A court should not question the commander's decision without a compelling reason. *See, e.g., Boyd v. United States,* 207 Ct.Cl. 1, 9 (1975), *cert. denied* 424 U.S. 911, 96 S.Ct. 1106, 47 L.Ed.2d 314 (1976) (Courts are reluctant "to involve themselves in internal affairs of the military, in which they have little or no special competence and less responsibility.").

In this case Col. Ernst's decision was subject to rebuttal by the plaintiff and review by Air Force staff. The AFBCMR affirmed the plaintiff's decertification. The Board's ruling must stand unless the plaintiff shows that it was arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or contrary to law. *E.g., Sanders v. United States,* 219 Ct.Cl. 285, 298, 594 F.2d 804, 811 (1979).

■ To avoid foreclosing or anticipating any relief the Board may award on remand, this Court will not decide whether to reinstate the plaintiff in the PRP until the Board has considered the plaintiff's new evidence.

#### B. *Flight Pay*

The plaintiff demands flight incentive pay calculated from November 28, 1978, the date he was decertified from the PRP. He has not flown since then.

On remand, the Board should consider the plaintiff's claim in light of *Schuenemeyer v. United States,* 770 F.2d 177 (Fed. Cir.1985), *rev'g* 6 Cl.Ct. 97 (1984).

### II. *The OER Claims*

#### A. *Questions of Fact*

■ The plaintiff asserts that his October 10, 1978 OER was prepared under the old promotion-quota system, which required raters to assign low marks to a portion of the persons they rated. On October 14, 1978 the Air Force issued amendments to AFR 36–10, the officer-rating regulations. The amendments abolished the quota system; all new OER's were to rate officers as individuals. To be fair to certain officers rated under the old system, the amendments provided: "Due to the system change, raters and additional raters must be given the opportunity to reconsider these reports and to make changes if they desire. Any activity holding such reports must immediately return them to raters for this purpose." AFR 36–10 Amendments, Part III ¶ 5.

In an affidavit one of the plaintiff's raters states:

> During the period we were undergoing a change from the controlled to the uncontrolled rating system. I rated Captain Harris prior to this change due to the fact his reporting period closed out before the change. At this point in time I can not recall if the OER was returned to me for reconsideration of my original rating.... If I were to rate Captain Harris' performance then and apply it to today's rating system, which now has all the peculiarities worked out, I'd have to rate him a "1".

Affidavit of Captain Lewis W. Hudgins (Aug. 8, 1983). The plaintiff argues that the Air Force violated its own regulations by failing to return the report for reconsideration. Had the report been reconsidered, the plaintiff would have had consistently good OER's and would have won promotion, so he claims.

The defendant has submitted the affidavit of Col. Philip W. Clements, who states: 1) that the plaintiff would not have been promoted even without the 1978 OER; and 2) that the plaintiff's 1978 OER was pre-

pared under the new system and therefore did not require reconsideration. *See* Amendments to AFR 36–10, Part I ¶ 3; AFBCMR Record at 18 ¶ 5.

The Court denies both parties' motions for summary judgment because these affidavits present questions of material fact that only a trial can answer. *See* RUSCC 56(c).

### B. *Failure to Exhaust Administrative Remedies*

The plaintiff challenged the 1978 OER before the AFBCMR, but did not raise the issue of the new Air Force regulation. "[T]his court has established a general rule that failure to present an issue before the [administrative board] amounts to a failure by the plaintiff to exhaust his administrative remedy on that question, thus precluding him from seeking relief in this court on that specific ground." *Haynes v. United States*, 190 Ct.Cl. 9, 12, 418 F.2d 1380, 1382 (1969) (citations omitted); *see also Doyle v. United States*, 220 Ct.Cl. 285, 311, 599 F.2d 984, 1000–01 (1979), *cert. denied* 446 U.S. 982, 100 S.Ct. 2961, 64 L.Ed.2d 837 (1980) (applying this exhaustion rule to a plaintiff who failed to raise an issue before a Board for Correction of Military Records).

■ This Court, however, does have "the power to remand appropriate matters to an administrative or executive body or official with such direction as it may deem proper or just." 28 U.S.C. § 1491(a)(2) (1982). *See Fucik v. United States*, 228 Ct.Cl. 379, 387, 655 F.2d 1089, 1095 (1981) (remanding to administrative board an issue that plaintiff had failed to submit to the board); *Gratehouse v. United States*, 206 Ct.Cl. 288, 297, 302, 512 F.2d 1104, 1109, 1111–12 (1975), *cert. denied* 434 U.S. 955, 98 S.Ct. 480, 54 L.Ed.2d 313 (1977).

■ The plaintiff seems not to have withheld the issue of the AFR 36–10 Amendments from the Board intentionally. He alleges that he discovered new evidence during the Board proceedings and that "AFBCMR staff discouraged [his] reapplying for relief because it would take a year or more to consider." Affidavit of Plaintiff Harold J. Harris at 5 (May 28, 1984). To give the plaintiff a full and fair opportunity to litigate his claim, the Court remands this issue to the AFBCMR for resolution of the following questions:

1) Was the 1978 OER prepared under the quota system?

2) If so, was it returned for reconsideration?

3) If not, did the invalid OER contribute:

   a) to the plaintiff's failure to win promotion?

   b) to the plaintiff's dismissal from the PRP?

The Board shall award the plaintiff any relief to which he might be entitled.

### CONCLUSION

The Court denies the cross motions for summary judgment and remands this case to the Air Force Board for Correction of Military Records, which will consider the issues discussed in this opinion. Proceedings in this Court are stayed for six months. At intervals of ninety days from the date of this opinion, the attorneys of record shall jointly report to the Court the status of proceedings on remand. The parties should consult U.S. Claims Court Rule 60.1.