**Glenn Franklin ANDERSON, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 90–569C.**

United States Claims Court.

Aug. 17, 1990.

Glenn Franklin Anderson, pro se.

John S. Groat, Washington, D.C., for defendant.

### ORDER

LYDON, Senior Judge.

 In this military pay case, plaintiff, *pro se,* challenges his separation from the United States Air Force. Plaintiff also contends his reenlistment eligibility rights were violated by the Air Force. The complaint, filed on July 3, 1990, is far from a model of informative pleading. Indeed, the complaint fails to set forth sufficient operative facts on which to gauge the thrust of the legal arguments contained therein. While *pro se* plaintiffs are not expected to frame issues with the precision of a common law pleading, *Rock v. United States Postal Service,* 828 F.2d 1555, 1558 (Fed. Cir.1987), a complaint may not be so general and confusing as to leave the defendant in doubt as to what must be met. *Merritt v. United States,* 267 U.S. 338, 341, 45 S.Ct. 278, 279, 69 L.Ed. 643 (1925). Like its predecessor court, this court is most lenient in overlooking pleading deficiencies in *pro se* complaints. *See Clinton v. United States,* 191 Ct.Cl. 604, 605–06, 423 F.2d 1367, 1368 (1970). Often, these *pro se* deficiencies are corrected by responsive pleadings by defendant wherein the operative

facts are set forth. The Rules (RUSCC) of the court recognize this fact. For example, under RUSCC 56(a), a party seeking to recover on a claim, counterclaim or to obtain a declaratory judgment, must wait sixty (60) days from the date the action is commenced before filing a motion for summary judgment. *See also* RUSCC 30(a) (Deposition upon Oral Examinations). In this case, defendant has not as yet filed its response to plaintiff's complaint and its time to do so under the rules of this court has not as yet expired.

As indicated above, plaintiff's complaint was filed on July 3, 1990. Under RUSCC 12(a), defendant has sixty (60) days in which to file its answer or response to plaintiff's complaint. In this case, defendant's answer or response is due on September 3, 1990. On July 25, 1990, before any answer or response by defendant, plaintiff filed an "Application For A Preliminary Injunction." This "Application", like the complaint, is lacking in operative fact allegations. Defendant did not file a response to this "Application." It is the filing of this "Application" that triggers the issuance of this order.

In his "Application" plaintiff seeks to enjoin his continued separation from the "Air Force until such time as plaintiff's rights to employment can be resolved by this Honorable Court."

The court's equitable powers are limited. *United States v. King*, 395 U.S. 1, 3–5, 89 S.Ct. 1501, 1502–03, 23 L.Ed.2d 52 (1969). The court can exercise equitable powers in a limited way as an adjunct to its power to enter money judgments. When the court determines for example, that a service man has been unlawfully separated from the service, it can order that he be paid pay and allowances for the remaining period of his enlistment and/or direct reinstatement to his position for the remaining period of his enlistment if such enlistment period had not expired at the time such determination was made. *See* 28 U.S.C. § 1491(a)(2); *Sanders v. United States*, 219 Ct.Cl. 285, 301, 594 F.2d 804, 813 (1979) (*en banc*). However, the court has no injunctive power to preclude his separation until such time as the determination of the legality of his separation is made. Such injunctive relief must be sought in the District Court.[1] This court has not been granted injunctive authority of the type sought by plaintiff's motion. *Harris v. United States*, 4 Cl.Ct. 418, 419 (1984). Absent express and direct statutory injunctive authority as was conferred on the court by Pub.L. No. 97–164, 28 U.S.C. § 1491(a)(3) (Supp.1984), the jurisdiction of this court is generally limited to money claims and thus the court is without authority to grant prejudgment injunctive relief in military pay cases such as the one now before the court. *Harris, supra; see also United States v. King, supra; Williams Intern. Corp. v. United States*, 7 Cl.Ct. 726, 729–31 (1985).

Since this court, as demonstrated above, has no prejudgment injunctive authority, plaintiff's application for a preliminary injunction must be, and is denied.

---

1. Even before the District Court, injunctive relief may well be denied if plaintiff has pending before the Claims Court a suit seeking to set aside his separation as unlawful since the Claims Court, if he prevailed on the merits, could order correction of records, an award of full backpay, and reinstatement (if an officer, or to the extent of the unexpired term of an enlisted man). *See Harris v. United States*, 745 F.2d 535 (8th Cir.1984). Following denial of his claim for prejudgment injunctive relief in the Claims Court (4 Cl.Ct. 418) Harris, an Air Force Captain contesting his discharge from military service, sought injunctive relief in the District Court for the Eastern District of Arkansas. The District Court's denial of injunctive relief was affirmed on appeal (745 F.2d 535).