PER CURIAM.
Air Force Captain Richard F. Richenberg, Jr., commenced this action to enjoin the Air Force from discharging him, after a full administrative hearing, because he has a propensity or intent to engage in homosexual conduct. Richenberg contends that the military’s “Don’t Ask, Don’t Tell” policy regarding homosexuals, which is explicitly authorized by a 1993 statute, 10 U.S.C. § 654, violates his constitutional rights. The district court[1] granted summary judgment for the government. Richenberg appeals and now seeks an injunction preventing his discharge pending appeal.
We deny the requested injunction, primarily for two reasons. First, Richenberg has not persuaded us that he has a substan *173 tial likelihood of success on the merits of his appeal. That must be the standard when considering whether to grant a preliminary injunction preventing the implementation of a statute that was the product of lengthy public debate involving both Congress and the President. See Able v. United States, 44 F.3d 128, 131-32 (2d Cir.1995). Even lacking the guidance of a specific statute, “[o]ur review of military regulations challenged on First Amendment grounds is far more deferential than constitutional review of similar laws or regulations designed for civilian society.” Goldman v. Weinberger, 475 U.S. 503, 507, 106 S.Ct. 1310, 1312, 89 L.Ed.2d 478 (1986). Here, we are guided by specific legislative findings supporting the challenged policy. See 10 U.S.C. § 654(a). Circuit courts generally upheld the military’s prior, more restrictive policy, citing the need for judicial deference to military decisions regarding what rules are rationally required to maintain effective military forces. See, e.g., Ben-Shalom v. Marsh, 881 F.2d 454 (7th Cir.1989), cert. denied, 494 U.S. 1004, 110 S.Ct. 1296, 108 L.Ed.2d 473 (1990). Like the district court, we are not persuaded by Ri-ehenberg’s showing to date that the new statutory policy is unconstitutional.
Second, Richenberg has not made a sufficient showing of irreparable injury “to override the[ ] factors cutting against the general availability of preliminary injunctions in Government personnel cases.” Sampson v. Murray, 415 U.S. 61, 84, 94 S.Ct. 937, 950, 39 L.Ed.2d 166 (1974). In April 1993, after eight years in the Air Force, Richenberg asked to be voluntarily separated. When that request was denied, he advised his commanding officer for the first time that “I am homosexual.” These contested discharge proceedings followed. Having exhausted Air Force procedures, Richenberg now faces honorable discharge. The government concedes that, if he ultimately prevails in this action, reinstatement with full back pay and benefits, or other comparable monetary relief, would likely follow. In these circumstances, there has been no showing of irreparable injury. See Harris v. United States, 745 F.2d 535, 536 (8th Cir.1984). In addition, we see obvious harm to the government and the public interest in granting a preliminary injunction that would hold in abeyance a military policy adopted pursuant to a statute “extensively considered by Congress in hearings, floor debate, and in committee.” Rostker v. Goldberg, 453 U.S. 57, 72, 101 S.Ct. 2646, 2655, 69 L.Ed.2d 478 (1981).
For the foregoing reasons, the motion for an injunction pending appeal is denied.

. The HONORABLE LYLE E. STROM, United States District Judge for the District of Nebraska.