# United States Court of Appeals for the Federal Circuit

2008-5057

ROBERT JAMES WALTON,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Scott C. Weidenfeller, Covington & Burling LLP, of Washington, DC, argued for plaintiff-appellant.  With him on the brief were Richard L. Rainey and Sarah L. Wilson.

Robert G. Hilton, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee.  With him on the brief were Gregory G. Katsas, Assistant Attorney General, John Fargo, Director, and Gary L. Hausken, Assistant Director.

Appealed from:  United States Court of Federal Claims

Judge Margaret M. Sweeney

# United States Court of Appeals for the Federal Circuit

2008-5057

ROBERT JAMES WALTON,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 04-CV-1277, Judge Margaret M. Sweeney.

_____

DECIDED: January 8, 2009

_____

Before SCHALL, FRIEDMAN, and BRYSON, <u>Circuit Judges</u>.

FRIEDMAN, <u>Circuit Judge</u>.

A federal prisoner seeks to recover from the United States for copyright infringement involving the government's use of calendars he created as part of his assigned duties in prison. We hold that 28 U.S.C. § 1498(b) (2008), the statute governing copyright infringement suits against the federal government, does not authorize his suit. We therefore affirm the judgment of the Court of Federal Claims that dismissed his complaint.

I

The basic facts are undisputed. While an inmate at the United States Prison Leavenworth, the Appellant Robert James Walton was assigned to work for Federal Prison Industries Inc., a government-owned corporation that produces various products

for the federal government. Prisoners assigned to that work were given compensation ranging from $0.23 to $1.15 per hour and various other benefits.

While thus working and using government-furnished computers, Walton developed and produced desk-blotter calendars for the years 2000 and 2001-2002. Federal Prison Industries made a substantial number of those calendars, which it distributed to General Services Administration warehouses throughout the country. It also sold the calendars to private purchasers.

In 2001 Walton, acting pro se, filed a district court suit against the United States for damages for copyright infringement. The suit ultimately was transferred to the Court of Federal Claims. The government moved to dismiss because under 17 U.S.C. § 411(a), Walton could not maintain a suit for copyright infringement until he had registered his copyright. Walton obtained counsel and, after he registered his copyright with the copyright office, in 2005 filed an amended complaint setting forth the registration.

In a thirty-four-page opinion, the Court of Federal Claims dismissed Walton's complaint for lack of jurisdiction. The court held that the suit could not be maintained because the statutory provisions governing copyright infringement suits against the United States (28 U.S.C. § 1498(b), discussed in Part II infra), do not permit such suits by prisoners in Walton's situation. The court further held that because Congress had not waived the government's sovereign immunity from such suits, it lacked jurisdiction to entertain Walton's complaint, which it therefore dismissed.

II

A.   Section 1498(b) of Title 28 of the U.S. Code provides that the "exclusive action" for infringement by the United States or its specified affiliates (including a government corporation) of "the copyright in any work protected under the copyright laws of the United States" shall be a suit in the Court of Federal Claims "for the recovery of his reasonable and entire compensation as damages for such infringement."   This jurisdictional grant is immediately followed by this language:

> Provided, however, That this subsection shall not confer a right of action on any copyright owner . . . with respect to any copyrighted work prepared by a person while in the employment or service of the United States, where the copyrighted work was prepared as a part of the official functions of the employee, or in the preparation of which Government time, material, or facilities were used[.]

28 U.S.C. § 1498(b).

In other words, a copyright infringement suit cannot be maintained against the United States, if the copyrighted work was prepared (1) while in the "employment or service" of the United States and (2)(a) as part of the official functions of the employee or (b) in whose preparation government "time, material[s], or facilities" were used.

It is not disputed that in the preparation of Walton's calendar, "Government time, material, or facilities" were used.   He worked on the calendar on government-furnished computers as part of his assigned duties at a government facility.   The critical issue therefore is whether Walton's preparation of the calendar was done while he was in the "employment or service" of the United States.

His argument that this statutory bar on copyright infringement suits against the United States does not cover his case is as follows:   it is well settled that prisoners are

not "employees" of the United States. In § 1498(b), Congress used the terms "employment" and "service" interchangeably, and they mean the same thing. Accordingly, if Walton's work was not performed in the "employment" of the United States, it also was not performed in the United States' "service" and the statutory prohibition in the proviso of § 1498(b) does not apply to his case.

Under other statutes involving other issues, federal prisoners have been held not to be "employees." See, e.g., Coupar v. U.S. Dep't of Labor, 105 F.3d 1263, 1265 (9th Cir. 1997) (finding a prisoner not an "employee" under Clean Air Act and Toxic Substance Control Act); Nicastro v. Reno, 84 F.3d 1446, 1446-47 (D.C. Cir. 1996) (determining a prisoner working for Federal Prison Industries Inc. was not an "employee" entitled to minimum wages under Fair Labor Standards Act). It does not automatically or necessarily follow, however, that prisoners are not "employees" under § 1498(b) for purposes of suing the United States for copyright infringement. We need not decide that question, however, since we agree with the Court of Federal Claims that while preparing his copyrighted calendar, Walton was in the "service" of the United States.

When Congress uses different parallel words in the alternative in the same statutory provision, it is reasonable to assume that the words have different meanings. Cf. Bowers v. N.Y. & Albany Lighterage Co., 273 U.S. 346, 349-50 (1927). In that case, the Court considered a statute barring any "suit or proceeding" to collect taxes more than five years after the tax return date. Id. at 349. The Court rejected petitioner's contention that "the word 'proceeding' refers only to a proceeding in court and means the same as 'suit,' and that the act prescribes no limitation against the collection of such

taxes by distraint." Id. The Court held that the "the meaning of 'proceeding' as used in the clause of limitation in section 250(d), Revenue Act of 1921, cannot be restricted to steps taken in a suit; it includes as well steps taken for the collection of taxes by distraint." Id. at 352; See also FCC v. Pacifica Found., 438 U.S. 726, 739-40 (1978) (holding "indecent" not the same as "obscene" in statutory disjunctive phrase "obscene, indecent, or profane."). As the Supreme Court has stated, it is "a cardinal principle of statutory construction that we must 'give effect, if possible, to every clause and word of a statute.'" Williams v. Taylor, 529 U.S. 362, 404 (2000) (internal citation omitted) (quoting Montclair v. Ramsdell, 107 U.S. 147, 152 (1883)). Walton's interpretation of the provision would in effect eliminate the statutory term "service" from the legislation.

Section 1498(b) is a detailed, carefully drafted, complex provision in which Congress carefully and explicitly set forth the precise standards governing private suits against the United States for copyright infringement. This provision–and the parallel provision governing patent infringement suits against the United States, 28 U.S.C. § 1498(a), which also contains the "employment or service" language–has been frequently reenacted with changes in language other than "employment or service." It is most unlikely that if Congress had intended "service" to mean the same thing as "employment," it would have continued for many years to use the two different and separate terms.

To the contrary, we conclude that Congress intended the two terms to have different, although related, meanings. One may have a "service" relationship with the federal government that does not constitute an "employment" relationship. Without attempting to define the precise limits of "service," we conclude it covered Walton's

relationship with Federal Prison Industries Inc. while working for it on the federal calendar as a federal prisoner.

Working for someone and under his direction may constitute being in that person's "service" even though the relationship does not amount to the typical common-law master-servant relationship that the term "employment" ordinarily describes. Walton's preparation of the calendar was done "while in the service of the United States." He developed and made the calendar at the direction of and with computers provided by the United States, and was supervised by United States employees in that work. He performed the work at a government facility, and the government paid him modest compensation for his efforts.

Walton points to the clause of the proviso requiring that the work was performed "as a part of the official functions of the employee," whereas the immediately following "Government time, material, or facilities" clause contains no such limitation. He argues that there is no convincing reason why Congress would have limited the reach of only the first clause, but not the latter, to work performed as an employee. Whatever may be the merits of this argument, they are insufficient to outweigh the considerations leading to our contrary conclusion that we have set forth above.

That is also the situation with respect to Walton's argument that the legislative history of § 1498(b) supports his interpretation of the statute. There is nothing in that history that explicitly addresses whether "employment" and "service" have the same meaning. What Walton relies on are statements in the committee reports that use the words "in the employment of the United States" as a shorthand reference to the statutory term "in the employment or service" of the United States. Once again, this is

too thin a reed to support Walton's attempt to read the word "service" out of the statute. Indeed, the phrase "employment or service" first appeared in 1910 in the predecessor to § 1498(a), the provision governing patent infringement suits against the United States. An Act to Provide Additional Protection for Owners of Patents of the United States, Pub. L. No. 61-305, 36 Stat. 851-52 (1910). This was long before the 1939 and 1940 committee reports upon which Walton relies.

B. Upon concluding that Walton's work was done while "in the service of the United States," the Court of Federal Claims held that this clause of the proviso was a limitation on the government's waiver of its sovereign immunity for suits against it, and that the court therefore lacked jurisdiction over Walton's claim. It accordingly dismissed the complaint for lack of jurisdiction.

Subsequent to that decision, this court in Blueport Co., LLC v. United States, 533 F.3d 1374 (Fed. Cir. 2008), held that "[t]he text and structure of § 1498(b) demonstrate that the three provisos to the waiver of sovereign immunity are jurisdictional limitations." Id. at 1380. "It follows that because 'the terms of [the Government's] consent to be sued in any court define that court's jurisdiction to entertain the suit,' the CFC lacks jurisdiction over any copyright infringement claim within the scope of the § 1498(b) provisos." Id. at 1381 (internal citation omitted) (quoting United States v. Testan, 424 U.S. 392, 399 (1976)). Accordingly, the Court of Federal Claims correctly dismissed the complaint for lack of jurisdiction.

CONCLUSION

The judgment of the Court of Federal Claims dismissing the complaint is

AFFIRMED.