# In the United States Court of Federal Claims

No. 12-519C

**This Opinion Will Not Be Published in the U.S. Court of Federal Claims Reporter Because It Does Not Add Significantly to the Body of Law.**

(Filed: January 8, 2013)

_____

MONTY SHELTON,

                Plaintiff,

    v.

THE UNITED STATES,

                Defendant.

_____

**OPINION and ORDER**

_____

On August 17, 2012, plaintiff, Monty Shelton, filed a complaint in this court requesting damages for breach of contract and for a Fifth Amendment takings of his property. Plaintiff, an inmate at a Federal prison in Fort Worth, Texas, asserts that personnel of the U.S. Bureau of Prisons (BOP) breached a 2006 "contract" entered into under the BOP's Inmate Financial Responsibility Program (IFRP). He also contends that by suspending his eligibility for performance pay above the maintenance levels during periods that he refused to participate in the IFRP, prison officials effected a Fifth Amendment takings of his property. Plaintiff seeks "back pay" in the amount of $1,329.57 and "[t]he immediate reinstatement of the original contract and cessation of the punitive sanctions against him."

On October 18, 2012, defendant filed a motion to dismiss this complaint under RCFC 12(b)(1), or in the alternative, RCFC 12(b)(6). Briefing on that motion is now completed. Argument is deemed unnecessary.

Deciding a motion to dismiss "starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (citations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff must establish that the court has subject matter jurisdiction over its claims. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988); *Hansen v. United States*, 65 Fed. Cl. 76, 94 (2005). This court recognizes that plaintiff is acting *pro se*, and thus the court will hold the

form of plaintiff's submissions to a less stringent standard than those drafted by an attorney. *See Reed v. United States*, 23 Cl. Ct. 517, 521 (1991) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). Having reviewed plaintiff's complaint, defendant's motion, and the briefing on that motion, this court, however, is certain that it lacks jurisdiction to consider the claims that plaintiff raises.

Turning first to plaintiff's contract claim, plaintiff is correct that a well-pleaded allegation is sufficient to overcome a challenge to jurisdiction under RCFC 12(b)(1). *See Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997). Plaintiff alleges that an express contract underlies his claim, which is sufficient to confer subject matter jurisdiction. *Id.*; *see also Gould, Inc. v. United States*, 67 F.3d 925, 929 (Fed. Cir. 1995); *Spruill v. Merit Sys. Prot. Bd.*, 978 F.2d 679, 686 (Fed. Cir. 1992).

However, there is still the question whether plaintiff's complaint fails to state a contract claim under RCFC 12(b)(6). In order to defeat a motion under that rule, "a plaintiff must plead factual allegations that support a facially 'plausible' claim to relief." *Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009) (citing *Twombly*, 550 U.S. at 570). In a contract case, this means alleging the elements of contract formation, *to wit*, "a mutual intent to contract including an offer, an acceptance, and consideration," as well as a showing that "the Government representative . . . had actual authority to bind the United States." *Trauma Serv. Grp.*, 104 F.3d at 1325 (internal citations omitted). While plaintiff's failure to allege these specific elements is not necessarily defeating, a review of the 2006 financial plan, which plaintiff attached to his complaint, reveals that it is nothing more than plaintiff's unilateral promise to pay $25 per quarter toward his financial obligations. The plan in no way purports to commit the United States to anything and, indeed, is only signed by a government employee as a "staff witness" to plaintiff's signature. As such, the document cannot be reasonably construed as a valid contract with the United States, requiring this court to dismiss plaintiff's contract claim under RCFC 12(b)(6).

Plaintiff's takings claim likewise fails to state a claim under RCFC 12(b)(6). The Takings Clause of the Fifth Amendment provides, in pertinent part: "nor shall private property be taken for public use, without just compensation." U.S. Const. amend. V, cl. 4. "A claimant under the Takings Clause must show that the government, by some specific action, took a private property interest for a public use without just compensation." *Adams v. United States*, 391 F.3d 1212, 1218 (Fed. Cir. 2004), *cert. denied*, 546 U.S. 811 (2005) (citing *Hodel v. Va. Surface Mining & Reclamation Ass'n*, 452 U.S. 264, 294 (1981)). To make this showing, a plaintiff must demonstrate that he "possessed a cognizable property interest in the subject of the alleged taking for purposes of the Fifth Amendment, *i.e.*, whether the claimant possessed a 'stick in the bundle of property rights.'" *Adams*, 391 F.3d at 1218 (quoting *Karuk Tribe of Cal. v. Ammon*, 209 F.3d 1366, 1374 (Fed. Cir. 2000)). No source of law – neither state, federal, nor common law – gives plaintiff a property interest in the compensation that he seeks. Rather, the applicable regulations make clear that amounts under the IFRP are paid only at the discretion of the warden of each Federal correctional facility. *See* 28 C.F.R. § 545.20(b) ("The Warden **may** recognize an inmate's work performance or productive participation in specified correctional programs by granting performance pay." (emphasis added)); *see also United States v. Lemoine*, 546 F.3d

1042, 1049 (9th Cir. 2008) (holding that Federal inmates have no property interest in "any of the benefits agreeing to participate in the IFRP would provide, such as . . . pay beyond the maintenance pay level"); *see generally Walton v. United States*, 80 Fed. Cl. 251, 274 (2008), *aff'd*, 551 F.3d 1367 (Fed. Cir. 2009). Accordingly, it does not appear that plaintiff possesses a cognizable property interest, requiring that his takings claim be dismissed under RCFC 12(b)(6).[1]

Regarding plaintiff's request for declaratory and injunctive relief, it is sufficient to note that, absent a specific authorizing statute, this court lacks the authority to grant non-monetary relief. *See United States v. King*, 395 U.S. 1, 4-5 (1969); *Anderson v. United States*, 21 Cl. Ct. 143, 144 (1990). Plaintiff cites no such authority and for good reason as, indeed, there is none. This portion of plaintiff's complaint thus must be dismissed for lack of jurisdiction under RCFC 12(b)(1).

Based on the foregoing, the court **GRANTS** defendant's motion to dismiss the complaint under either RCFC 12(b)(1) or RCFC 12(b)(6). The Clerk shall dismiss the complaint.

**IT IS SO ORDERED.**

s/Francis M. Allegra
Francis M. Allegra
Judge

---

[1] For similar reasons, the court must reject plaintiff's "illegal exaction" claim. *See, e.g.*, *Norman v. United States*, 429 F.3d 1081, 1095 (Fed. Cir. 2005), *cert. denied*, 547 U.S. 1147 (2006) ("An illegal exaction involves a deprivation of property."). In this regard, plaintiff has not shown that any of his money was "improperly paid, exacted, or taken from [him] in contravention of the Constitution, a statute, or a regulation." *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1007 (Ct. Cl. 1967); *see also Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572-73 (Fed. Cir. 1996).